### D. O. McRIMMON & Co. v. W. C. MOODY & Co. ET AL.

#### No. 468.

1. **Jurisdiction to Grant Writ of Error.**

   The Supreme Court is without jurisdiction to grant the writ of error in cases brought, or which might have been brought, in the County Court, save in the cases expressly excepted by the statute............................ 261

2. **Same.**

   Injunction in District Court to restrain proceedings, under an alleged void judgment of a justice of the peace, levied on personal property of the value of $109, could have been brought in the County Court; the Supreme Court, therefore, is without jurisdiction of the case, and the judgment of the Court of Civil Appeals is final .. ................................. ............ 261

APPLICATION for writ of error to Court of Civil Appeals for Second District, in case from Shackelford County.

*Theodore Mack*, for application.

GAINES CHIEF JUSTICE.—We are of opinion that we are without jurisdiction to grant a writ of error in this case.

The applicants for the writ of error instituted this suit in the District Court of Shackelford County for the purpose of enjoining the execution of an order of sale issued by a justice of the peace of the county in a certain suit brought by the defendants, W. C. Moody & Co., in which an attachment against certain property had been sued out to secure a debt of $109.   The applicants claimed in their petition in the District Court that the attachment of the defendants was void, because citation was not issued before or at the time of the issue of the attachment; and that they had sued out an attachment in the County Court against the same defendants, and had caused it to be levied upon the same property upon which the defendants in this action had levied their writ.

The District Court perpetuated the injunction, but upon appeal the Court of Civil Appeals held, that the District Court was without jurisdiction, and therefore reversed the judgment and dismissed the cause.

As a general rule, the judgments of the Court of Civil Appeals are final in all cases which are brought in the County Court, or which un-

der the Constitution may have been brought in that court. The exception is as to cases involving the revenue laws of the State or the validity of a statute. Laws 1892, p. 26. The case comes under neither of the exceptions. Section 16 of article 5 of the Constitution as recently amended provides, that "the County Court or judge thereof shall have power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court." If the applicants for the writ of error had a suit pending in the County Court in which a valid attachment had been levied upon personal property belonging to the defendants in that suit, and if the defendants in the present action were about to cause a sale to be made of the property under a void attachment, we are of the opinion that under the provision quoted the County Court had the power, upon a proper petition, to restrain the unlawful interference in order to protect its own jurisdiction. Since under the Constitution this suit might have been properly brought in the County Court, it follows that the judgment of the Court of Civil Appeals is final, and that "no writ of error lies thereto" from this court.

Being without jurisdiction, we do not undertake to decide whether the District Court had jurisdiction or not; nor do we mean to imply that the fact that an attachment may be sued out in a Justice Court before citation is issued will render the writ absolutely void and subject to collateral attack in a proceeding of this character.

The application for the writ of error is dismissed for want of jurisdiction.

*Dismissed.*

Delivered November 1, 1894.