## D. S. Hammond et al. v. John Martin.

Decided March 3, 1897.

**1. Injunction—Waste—Remedy at Law.**

The owner of land can maintain injunction against the sale and removal of his buildings thereon under a decree foreclosing a mechanic's lien, recovered against the lessee who had them erected, without making such owner a party; he is not remitted to his remedy at law therefor.

**2. Contract—Lessor and Lessee—Fixtures—Parol Evidence.**

Where a contract of lease was silent as to whether improvements to be erected by the lessee should be removable by him, parol evidence to show the intention of the parties was admissible.

**3. Same—Removal—Mechanic's Lien—Injunction.**

An association leasing land for fair grounds and erecting thereon, without paying for the materials, fixtures not removable under its contract did not thereby create a lien upon such fixtures in favor of the material man against the owner; and the latter could restrain by injunction a sale and removal of the fixtures under a decree foreclosing a mechanic's lien, in favor of the material man, against the lessee, in a proceeding to which such owner was not a party.

Appeal from the District Court of Lamar County. Tried below before Hon. E. D. McClellan.

*T. S. Hill* and *Hale & Hale*, for appellants.—Where a person has a complete and adequate remedy at law, and the petition for injunction fails to show that irreparable injury will be done, or in what that injury consists, and fails to show that the defendants are insolvent and unable to respond in damages, he is not entitled to an injunction. Cook v. Railway, 3 Texas Civ. App., 145; Mann v. Wallis, 75 Texas, 612; Purinton v. Davis, 66 Texas, 456.

Where the terms of a contract are reduced to writing in plain, intelligible language, free from ambiguity, mistake or fraud, parol evidence is inadmissible to contradict, vary, or explain the meaning of said contract. Laux v. Glass, 1 White & W., C. C., sec. 1180; Clegg v. Galveston Hotel Co., 1 White & W., C. C., sec. 621; Cooper v. McCrimmin, 33 Texas, 383; Bruner v. Strong, 61 Texas, 555; Bedwell v. Thompson, 25 Texas Supp., 245; Saunders v. Brock, 30 Texas, 421; Smith v. Garrett, 29 Texas, 48.

Where improvements, capable of being removed without injury to the freehold, are placed on leased premises by the tenant, then in the absence of any agreement between the landlord and tenant as to whom they belong, they are presumed to be the property of the tenant. Cole v. Roach, 37 Texas, 419; McJunkin v. Dupree, 44 Texas, 500; Hutchins v. Masterson, 46 Texas, 555; Harkey v. Cain, 69 Texas, 150; Copp v. Swift, 26 S. W. Rep., 438; Menger v. Ward, 28 S. W. Rep., 823.

The Constitution of Texas creates the mechanic's lien, at the time of the transaction or sale of the lumber, and this cannot be defeated by placing it on land so as to render it a part of the realty, to the prejudice of the lumber dealer. Keating Imp. Co. v. Electric Light Co., 74

Texas, 605; Constitution 1876, sec. 37, art. 16; 15 Am. & Eng. Ency., Law, 17, 18, and note 5, 58; Bassett v. Mills, 89 Texas, 162.

*Denton & Long*, for appellee.—A landlord upon whose premises tenants have erected permanent improvements, is entitled to his remedy by injunction to restrain the sheriff from selling such improvements by virtue of a judgment against his tenants to which he was not a party, and of which he had no knowledge, since such sale would cause the destruction and removal of the improvements, and would result in trespass and waste upon the property of the landlord. Tel. Co. v. Howard, 3 Texas Civ. App., 335; Story, Eq. Juris., sec. 928; High on Injunctions, secs, 433, 697; Beach on Injunctions, secs. 35, 1170; Richards v. Dower, 64 Cal., 62; Moore v. Massini, 32 Cal., 595; Shipley v. Ritter, 61 Am. Dec., 372.

Improvements, permanent by their nature and construction, and adapted to the purpose for which the property was rented, when placed on leased premises by a tenant with the intention that they shall be fixed, become irremovable, and any action by a creditor of the tenant threatening the destruction, sale and removal of such improvements from the leased premises without the consent of the landlord, is such as disturbs and interferes with the owner's rightful use and enjoyment of his property, is in the nature of irreparable damage, and casts a cloud upon his title to the same and his remedy is by injunction. Same authorities.

It is not error to admit evidence which is not for the purpose of explaining, modifying or varying the terms of a written contract, but is introduced in order to show the intention of a tenant as to the permanent character of certain improvements placed by him on the leased premises. And especially is this true when the party complaining is not a party to the contract. Epperson v. Young, 8 Texas, 135; Hughes v. Sandal, 25 Texas, 165; Knight v. Worsted Co., 56 Mass., 283; Noble v. Epperly, 6 Ind., 468.

Where a landlord leases premises to a tenant, and the tenant afterwards makes improvements thereon with the intention that they shall be permanent and fixed, they become part of the realty and cannot be removed without the consent of the landlord. Menger v. Ward, 28 S. W. Rep., 821; Jones v. Bull, 85 Texas, 139; Hutchins v. Masterson, 46 Texas, 554.

FISHER, CHIEF JUSTICE.— *Statement of the Case.*—This is a suit by injunction brought by appellee, Martin, against appellants, D. S. Hammond as sheriff and Eubank & Wells and W. B. Kavanaugh, to restrain them from selling and removing under order of foreclosure of mechanics' liens certain buildings and improvements erected by Eubank & Wells and C. G. Caviness on lands owned by appellee which were leased by him to the Lamar County Agricultural Fair Association. The improvements were erected by appellants upon the land under a contract with

the Fair Association. The court below perpetuated the injunction, restraining the appellants from removing the property in question.

The following facts were found by the court below, which we adopt as the conclusions of fact found by this court:

"1st. I find that plaintiff, John Martin, owned the land described in plaintiff's petition, at the time this suit was brought, and had a deed to same, duly recorded in Lamar County registry of deeds since 1888.

"2d. That plaintiff leased said land to the Lamar County Agricultural Fair & Blooded Stock Association, by written contract, for five years, commencing December 31st, 1892.

"3d. That the said Association leased said land from said Martin for the purpose of having fairs and races on same, and that the said Association expected and intended at the time they leased the land to make all the improvements that were necessary and proper to carry out the purposes of said Association.

"4th. That the said Association made the improvements on said land, as described in plaintiff's petition, that the improvements were permanently attached and annexed to the land, and that at the time they were made and at the time the lease with Martin was entered into the Association, through its directors and officers, intended that the improvements should be permanent and fixed, and said improvements were placed on the land with that intention.

"5th. That the improvements so placed on said land were adapted to the purposes for which said land was leased, namely, for holding a fair, blooded stock exhibit and races, and were such improvements as are usually built upon land to be used for fair and race purposes.

"6th. That said Association was given the option to purchase said land at any time during the pendency of its lease.

"7th. That plaintiff did not give the said Association the right to remove from said land any improvements placed thereon, and that no such removal was contemplated by said Association.

"8th. That defendants Eubank & Wells brought suit in the District Court of Lamar County, Texas, on the —— day of ———, 189—, against the Lamar County Agricultural Fair & Blooded Stock Association to foreclose a mechanic's lien for $1997.88 upon the improvements on said land, for lumber furnished and labor done by said Eubank & Wells in erecting same, and recovered judgment foreclosing said lien, on April 3rd, 1894, on improvements described in plaintiff's petition. That C. G. Caviness brought a similar suit against said Association in the same court on the —— day of ———, 189—, for $543.86, and obtained judgment on April 3rd, 1894, foreclosing a mechanic's lien claimed by said Caviness on the improvements described in plaintiff's petition. That an order of sale was issued in each of the above suits and placed in the hands of defendant D. S. Hammond, sheriff of Lamar County, who levied on said improvements described in plaintiff's petition, and that at the time the writ of injunction in this cause issued said

sheriff had advertised and was intending to sell said improvements under said orders of sale.

"9th. That plaintiff herein was not a party to either of said suits, and knew nothing about them until said orders of sale had been issued.

"10th. That the judgment of C. G. Caviness against said Association was transferred to defendant W. B. Kavanaugh, about August 1st, 1894.

"11th. That the liens of said Eubanks & Wells and C. G. Caviness were fixed upon said improvements after the said land had been leased by said Martin to said Association, and said liens were not fixed by virtue of or under any contract or contracts with said Martin or by his authority. That said Martin had no knowledge of any debt owing by said Association or of any purchase by said Association of lumber or material from any one, or of any contract by said Association with any one for work or labor to be done or material furnished."

*Opinion.*—The first assignment of error complains of the ruling of the court in not sustaining a demurrer interposed by appellants to appellee's petition upon the ground that the remedy by injunction did not lie in this instance, as the appellee had an adequate remedy at law.

The action is in effect one to restrain a threatened waste and trespass upon appellee's property. In cases of that character, while it is true the owner may have his action for damages, it is a familiar principle that equity will by injunction restrain a threatened waste. 10 Am. & Eng. Ency., Law, 809, 817, 818, 819, and 822, note 1; 1 High on Injunctions, secs. 433, 697. The reasons for this rule are stated in the authorities cited.

An objection was raised in the court below to the admission of evidence tending to show what was the intention of the parties to the lease contract between appellee and the Fair Association with reference to the permanency of the improvements placed by the Association upon the lands leased from appellee. The written contract in this respect is silent, and where such is the case parol evidence is admissible tending to show what was the intention of the parties concerning the final disposition to be made of the improvements—in other words, whether they were regarded as temporary and removable fixtures or were intended to be permanent.

The principal question in the case is whether the improvements, under the facts shown, were permanent fixtures to the soil, or were removable upon the expiration of the term of the lease. The findings of fact virtually dispose of this question.

The appellee was not a party to the judgments of appellants foreclosing their mechanics' liens upon the improvements, nor was he aware that they were being erected with the expectation that they might be removed or his rights in any manner affected by any pretended claim or lien asserted by the contractors and material men who were erecting them. He did not know that they were not paid for. The appellants could not

enforce a lien upon the appellee's property without his knowledge or consent, and they must in law be charged with knowledge of the extent of the right of the Fair Association in the property in question; and there is no force in the contention that the Constitution and laws give to the mechanics and material men a lien upon property under a contract made with one who has no authority to create such a lien as against the real owner.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.