### THOMAS GREEN v. N. W. GRESHAM ET AL.

Decided October 14, 1899.

**1. Injunction to Prevent Removal of House.**

Where land was conveyed to school trustees to hold for school purposes, and was afterwards abandoned as to such use, an injunction will not be denied to one owning the reversion of the land to prevent the removal of the schoolhouse on the ground that he had an adequate legal remedy by sequestration. Rev. Stats., art. 2989.

**2. Evidence—Declarations Against Interest.**

Declarations by a grantor to his grantee at the time of the conveyance of the land, that he claims no interest in a schoolhouse situated thereon, and that it will not revert, though it should cease to be used for school purposes, are admissible in an action brought by such grantee against a subsequent purchaser of the house from the school trustees to enjoin its removal.

**3. Practice—Jury Taking Out Depositions—Affidavit.**

Where an affidavit has been read in evidence as the testimony of a witness, it is to be regarded as the deposition of the witness within the meaning of the statute forbidding that the jury shall take with them the depositions of witnesses upon their retirement. Rev. Stats., art. 1303.

**4. Evidence—Parol Not Varying Deed.**

A deed conveying land to school trustees, together with "the rights and improvements thereto belonging," upon condition that it should continue to be used for school purposes, is not varied by evidence of a collateral parol agreement that a house to be subsequently erected thereon, should remain the property of the school district, although the land should revert because abandoned as to use for school purposes.

**5. Deed With Condition—Reversion.**

Where land is conveyed to school trustees to hold so long as it shall be used for school purposes, this is a grant upon a constitutional limitation, and not upon a condition subsequent.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*Potter & Potter*, for appellant.

*Gulp & Giddings*, for appellees.

STEPHENS, ASSOCIATE JUSTICE.—In August, 1887, J. E. Settle and wife, being the owners of 160 acres of land, in consideration of $1 and their interest in the cause of public education, conveyed a small portion thereof to the trustees and their successors in office of the east half of School District No. 73, of Cooke County, Texas, known as the Bear Head community, the deed concluding with the following clause: "To have and to hold unto the said trustees aforesaid so long as said lands shall be used by said district for school purposes, together with all and singular the rights and improvements thereto belonging."

Thereupon the public school trustees erected a schoolhouse upon the

land so conveyed, and continued to use the same for school purposes until a short time before the institution of this suit, when the same was abandoned and the schoolhouse sold, preparatory to the building of a new schoolhouse at another place, the appellant becoming the purchaser at this sale. His attempt to remove the house provoked this suit, which was brought to recover the land and to enjoin the removal of the house. The appellees, who are the remote vendees of J. E. Settle and wife, under deeds conveying the entire 160 acres of land, recovered judgment for the title and possession both of the land and the house, with a decree perpetually restraining appellant from entering upon the land and removing the house therefrom, from which judgment this appeal is prosecuted.

The first contention raised by the assignments of error is to the effect that the injunction should have been dissolved upon the ground that sequestration was an adequate legal remedy; but we are of opinion that, under article 2789, subdivisions 1 and 2, Revised Statutes, express provision is made for the issuance of injunction in cases like this, which provision is of as high statutory authority as the provisions in the chapter regulating the remedy of sequestration. Besides, to prevent threatened waste injunction has long been a familiar remedy. See Hammond v. Martin, 15 Texas Civ. App., 570, cited by appellant.

Complaint is next made of the exclusion from the evidence of the declarations of I. D. Settle, made while he was in possession of the 160 acres tract of land under a conveyance from his father and mother, J. E. Settle and wife, and when he was about to convey the same to one Giddins, from whom the appellees deraigned title. These declarations were made before the trustees had abandoned the use of the premises, and were to the effect that when I. D. Settle sold the land to Giddins Settle stated to him that he claimed no interest in the schoolhouse, and that if the school community ever ceased to use the house for school purposes the land would revert to him, but the school building would not; that that belonged to the school community, and that he wanted Giddins to understand that when he bought the land he got no interest in the schoolhouse.

If the conveyance of the entire 160 acres to I. D. Settle passed to him the right to claim the reversion in case of condition broken, these declarations came clearly within the familiar rule which permits the introduction in evidence against subsequent vendees of the declarations in disparagement of title made by the vendor while in possession.

They were admissions against interest, and tended to support the contention of appellant that the schoolhouse had been built upon the land with the understanding between the original grantors, J. E. Settle and wife, and the trustees that the same should remain the property of the school community and be removed from the land, the evidence being conflicting upon this issue. On the other hand, if the right to take advantage of the forfeiture did not pass by this deed to I. D. Settle, the appellees could not maintain this suit. The assignment of error

complaining of this ruling is therefore sustained. We express no opin-
ion on the question as to whether the vendees of J. E. Settle and wife
could avail themselves of the abandonment and forfeiture, as the ques-
tion has not been briefed. But see 2 Washburn on Real Property, fifth
edition, pages 2, 3, 14-18, for the mode of taking advantage of a breach
of condition working a forfeiture of an estate at common law. How far
this has been modified in Texas we do not stop to inquire.

The charge is next complained of, as well as the court's action in re-
fusing certain special instructions requested by appellant. We are in-
clined to the opinion that the second special instruction should have
been given, as the main charge seems, in view of some phases of the
evidence, to have submitted the issue in too restricted a form. This
suggestion is made with reference to another trial, without determin-
ing that the judgment should be reversed upon this ground.

There was error, we think, in permitting the jury, over the objec-
tion of appellant, to take into their consultation room the affidavit
which had been read in evidence by agreement as the testimony of one
of appellee's witnesses, this practice being at least impliedly forbidden
by statute. Rev. Stats., art. 1303. This affidavit was, within the mean-
ing of the article cited, the deposition of the witness, and was perhaps
the strongest evidence supporting the contention of the appellees upon
the controverted issue.

But it is insisted on the part of the appellees, in support of their
cross-assignment of error, that the judgment should be affirmed not-
withstanding any errors in the proceedings, upon the ground that the
language of the deed as above quoted itself had the effect of excluding
any inquiry as to the understanding or oral agreement that the house
should remain the property of the school community and be removed
from the premises, the contention being that appellant sought by the
issue made on the trial to vary by parol the effect of this deed.

In support of this contention the case of Jungerman v. Bovee, 19 Cal-
ifornia, 364, is mainly relied on. In that case, however, the lease con-
tained an express stipulation for the delivery at the expiration of the
term of the premises, including, as was said in the opinion, the build-
ings.

On the other hand, the Massachusetts cases cited by appellant strongly
support the opposing contention, particularly the case of Ryder v.
Faxan, 50 New England Reporter, 631, in which it was held that the
lessee might show by parol an agreement made when the lease was exe-
cuted that the buildings to be erected on the premises should remain
the property of the lessee, though the lease contained the covenant that
at the termination of the lease the lessee should deliver up the prem-
ises in as good order and condition as they then were, the contemplated
building not yet having been erected.

. For an instructive discussion of the application of the rule in cases
of this class, with a review of the authorities, see the earlier Massa-
chusetts case of Dorkin v. Cobleigh, 30 New England Reporter, 474.

See also the following cases cited by appellant, which are more or less in point: Thomas v. Hammond, 47 Texas, 43; Ackerman v. Bundren, White & W. Civ. Cas., sec. 1306; James v. King, 2 Willson C. C., sec. 544; Kelly v. Carter, 17 S. W. Rep., 706; Surface v. Suffingwall, 51 Pac. Rep., 73. See also Hammond v. Martin, 15 Texas Civ. App., 570, in which writ of error was refused by our Supreme Court.

We have finally concluded that while the case at bar is almost within the rule which perforce of the written contract excludes a contemporaneous parol agreement, it is not quite so; but that the agreement or understanding, in effect, that the schoolhouse to be erected on the land donated should not become a part thereof, but should remain the property of the community building it, was collateral to and distinct from the conditional conveyance of the land as expressed in the deed, which did not purport on its face to do more than convey real estate, together with the rights and improvements (then) thereto belonging," upon the condition named. It did not undertake to determine whether or not the schoolhouse then in contemplation should when built become a part of the realty. It was no part of the land when the deed was made, and hence was not covered by the terms of the conveyance. The purpose of the parol testimony was to show that the schoolhouse never became a part of the land, and this was entirely consistent with the deed.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

In the opinion already filed reversing the judgment in this case, we pretermitted any expression of opinion on the question of the right of the appellees, the vendees of Settle and wife, to maintain this suit. It is now insisted that this may be taken upon another trial as an intimation by this court prejudicial to the appellees, and we are therefore requested to determine this question upon the authorities cited in the motion for rehearing, the contention being that the qualifying clause, "so long as said lands shall be used by said district for school purposes," was but a conditional limitation and not a condition subsequent.

The authority cited to support this proposition (2 Washburn on Real Property, pages 25, 26, 27,) seem to sustain it. Amongst other cases cited in the footnotes is that of Ashley v. Warner, 11 Gray, 43, in which the court used the following language: "Goodale declined to give the plaintiff a lease, but told him 'that so long as he kept a good school he might have his share of the building.' This agreement of Goodale gave the plaintiff a tenancy at will, but a tenancy with a conditional limitation. It was not on the conditon of keeping a good school, but so long as he kept a good school. The distinction is nice and technical, but yet quite familiar law. If the tenancy were upon a condition and there

were a breach, the estate would not determine but upon the entry of
the lessor after such breach.   Being a conditional limitation, the estate
determines upon the happening of the contingency, to wit, the ceasing
or failure to keep a good school by the plaintiff."

This view we are inclined to adopt.   We are also of opinion that it to
some extent fortifies the position taken in the original opinion in dis-
posing of the cross-assignment of error.

The motion for rehearing will be overruled.

*Overruled.*