SWEENEY v. ALDERETE.   (No. 781.)

(Court of Civil Appeals of Texas. El Paso. May 31, 1917.)

1. INJUNCTION ⬅143(2)—NOTICE.

That defendant, having replevied an automobile claimed by plaintiff, was threatening to sell it without right, justified granting a temporary restraining order against defendant without a hearing, because delay would likely result in the disposal of the property.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 315.]

2. COURTS ⬅180—COUNTY COURTS—INJUNCTION.

Since Rev. St. § 4643, subd. 2, expressly gives county court judges jurisdiction to enjoin a party to a pending suit from doing some act respecting the subject of the litigation which would tend to render the judgment ineffectual, defendant, enjoined by county judge from threatened sale of $200 automobile replevied in litigation appealed from justice court, could not urge such judge's lack of jurisdiction because of the amount.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 467.]

3. INJUNCTION ⬅126—ADEQUATE REMEDY AT LAW.

That plaintiff, enjoining defendant's threatened sale of automobile in litigation, originally sued for its possession, with no count for its value, raises a presumption that it is of some peculiar personal value, for which a mere money judgment would not adequately compensate.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 276.]

Appeal from El Paso County Court; E. B. McClintock, Judge.

Suit by I. Alderete against F. E. Sweeney. From order for plaintiff, defendant appeals. Affirmed.

Jackson, Isaacks & Lessing, of El Paso, for appellant. C. L. Vowell, of El Paso, for appellee.

HARPER, C. J. This is an appeal from a temporary restraining order granted April 11, 1917, by the county judge upon the petition of appellee, in vacation. Substantially, it is alleged: That Alderete, being the owner of an automobile, brought suit in justice

court against Sweeney for possession; alleged its value to be $200. There he secured issuance and levy of writ of sequestration. Sweeney replevied, and now has possession thereof. That he secured judgment in the justice court for title and possession of the machine, from which an appeal was taken to the county court. That defendant is threatening to sell the automobile, having so notified plaintiff in writing that he would do so on May 12, 1917. That if defendant is permitted to sell, a judgment in plaintiff's favor in county court for possession would be ineffectual, because he is not seeking a moneyed judgment. That defendant has no lien of any nature upon the automobile. That he is not indebted to defendant in any sum for labor or repairs, etc.

[1] The first assignment is that the court erred in granting the writ without a hearing. Temporary injunctions may be granted without notice, but it is not always proper to do so. Soto v. State, 171 S. W. 279. This is one of a class of cases where it should be done, because delay would likely result in the disposal of the property involved in the litigation.

[2] The second is that the county court did not have jurisdiction because of the amount in controversy. The courts in many cases hold directly to the contrary. Moore v. Vogt, 127 S. W. 234; McRimmon & Co. v. Moody et al., 87 Tex. 260, 28 S. W. 279. Besides, jurisdiction is expressly bestowed by subdivision 2 of article 4643, R. S. 1911, to prevent a party to a pending suit doing some act respecting the subject of litigation which would tend to render judgment ineffectual.

The third assignment is that the court erred in granting the writ because the petition does not show that he had no adequate remedy at law.

The fourth is that it was error to grant the writ because, by his petition, appellee shows that he has an adequate remedy at law.

The fifth: "The judge erred in granting the injunction because the petition does not allege facts which would show injury."

[3] The answer is, the original suit is for possession of an automobile, with no count for its value. If, therefore, appellant were to sell the machine, it might result in its loss, and if he prevails in his suit, he is entitled to recover the property sued for, and have possession. It seems a logical presumption to indulge that where a party brings his action for a definite article and does not ask for its value, that there is some peculiar personal value attached to it, for which mere money judgment would not adequately compensate. Article 4643, Rev. Stat. 1911, gives the plaintiff the remedy as a matter of right, whether the proceedings in sequestration is a remedy at law or not. Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994. The first portion of the article provides that injunctions may issue where it may "appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant" and "to prevent a party to a pending suit doing some act respecting the subject-matter of pending litigation which would tend to render judgment ineffectual." For plaintiff to recover a judgment for the automobile replevied, he could only get judgment against the principal and his bondsmen "for the value of the property replevied"; the actual value to be fixed by the court or jury, as the case might be. Article 7111, R. S. 1911. This would not get plaintiff's machine, which he is entitled to have judgment for first; then, if he prevails in his suit in the county court, his judgment would be upon the bond, as provided by statute, in case the machine is not forthcoming. So, to repeat, the plaintiff is entitled to recover his machine, and having shown by his verified pleading that the defendant is about to sell it, pending litigation, the act of sale was properly enjoined by the county court. Green v. Gresham, 21 Tex. Civ. App. 601, 53 S. W. 382; McRimmon & Co. v. Moody et al., 87 Tex. 260, 28 S. W. 279.

There is no reversible error in the record, and the cause must therefore be affirmed. It is so ordered.