ALBANY,<br>Feb. 1825.<br><br>Jackson<br>v.<br>Van Hoesen.

---

JACKSON, *ex dem.* MURPHY AND WIFE, *against*
VAN HOESEN.

EJECTMENT for a farm in the town of Taghkanic, in the county of Columbia, tried at the Columbia Circuit, on the 30th day of June, 1823, before BETTS, C. Judge ; when a verdict was taken for the plaintiff, subject to the opinion of the Court on a case.

On the 27th of May, 1789, Henry W. Livingston executed a lease of the premises in question to John Murphy and Eve Connor, his wife, for their lives.   John Murphy died about the year 1814, leaving the lessors of the plaintiff his heirs at law ; and they are also his administrator and administratrix under letters dated February 26th, 1814.

The defendant claimed under and gave in evidence an

The words
"has bargained and sold,"
in a conveyance sealed,
are operative
to pass an estate for life.

Tenant for
life, unless restrained . by
condition, may
alien his whole
estate or any
less estate.

If lands are
conveyed to a
natural person,
without words
of limitation,

an estate for the life of the grantee passes, unless the grantor be tenant for his own life only.
Then only an estate for the life of the grantor passes.   Reason of this distinction.
If tenant for years convey without limitation, his whole estate passes.

VOL. IV.                    42

instrument in writing, commencing in the usual form of articles of agreement, dated the 28th April, 1800, interchangeably signed and sealed by John Murphy, in his lifetime, and Jacob Van Hoesen, the father of the defendant; which, after naming the parties and date, ran thus : " witnesseth, that the said John Murphy of the first part *has bargained and sold* unto the said Jacob, the farm, &c." (the premises in question ;) and these words, *has bargained and sold* were the only operative words. Murphy also declared by this instrument that Van Hoesen, " is to have possession of the above premises on the 1st day of May next." The instrument then provided for paying the consideration money by instalments.

Jacob Van Hoesen took possession accordingly, and continued in possession till about 1815, when he died, leaving the defendant his heir at law, who continued in possession to the time of the trial.

The instrument in writing, executed by John Murphy and Jacob Van Hoesen, was left with one F. Hanson till about two years before the trial, who also testified that he filled up a printed blank lease for the premises from John Murphy to Jacob Van Hoesen, dated January 20th, 1814, for the parties named in it.

When the instrument of the 28th of April, 1800, was executed, Murphy's name was stricken out of the rent book as tenant, by the agent of Livingston the landlord, and Van Hoesen's inserted as tenant of that farm ; and the rents have always since been paid by Van Hoesen and his heirs.

*E. Williams*, for the plaintiff. The instrument in writing of the 28th April, 1800, was executory and not a present lease or conveyance ; and was to have been followed up by a lease, which was never executed. It, therefore, passed no interest. (4 Cruise's Dig. *Deed*, ch. 38, s. 34, p. 428, 429. *Blandford* v. *Marlborough*, per Ld. Chancellor, 2 Atk. 545. *Jackson* v. *Kisselbrack*, 10 John. Rep. 336, 337. *Roe* v. *Asburner*, 5 T. R. 163, 167. *Doe* v. *Smith*, per Ld. Ellenborough, 6 East, 535. *Goodtitle* v. *Way*, 1 T. R. 735.)

At any rate, if it could be construed into a sub-lease or conveyance *in præsenti*, it passed only an estate for the life of the bargainee, there being no words of limitation or of inheritance. Then the death of the bargainee terminates the estate. (Co. Litt. 42, *a.* Id. s. 283. Id. 183, *a. b.*)

*J. Sudam*, for the defendant. The instrument of the 28th of April, 1800, contains apt words of conveyance, "has bargained and sold," and operates as an assignment or conveyance of the premises. (*Jackson* v. *Kisselbrack*, 10 John. Rep. 336, and the cases there cited.) Where the estate intended to be passed by a conveyance is not mentioned, it is deemed to pass an estate for the life of the grantee, if the grantor has power to sell such an estate. (1 Cruise's Dig. *Estate for life*, s. 4, 5, p. 60, 61. Co. Litt. 42, *a.* sec. 56.) Murphy, having only a life estate in the premises could not convey for the life of his grantee; and the law will so construe the conveyance as to have it pass the estate which he had in the premises. (Co. Litt. 42, *a.* Id. sec. 283. Wood's Inst. 128–9, 269.) The Court will also be guided by the acts of the parties, the long possession, the payment of rent, and the change of the tenant's name in the rent roll. There is no doubt, from the context, but that Murphy intended to divest himself of all his interest. The authorities relied on against this, are where a question might arise between the tenant and the reversioner upon the effect of a common law conveyance. No such question can arise upon conveyances which take effect upon the statute of uses.

*Curia*, per SAVAGE, Ch. J. The questions arising in this case are,

1. Was the article an agreement for a lease, or was it a lease in itself?

2. If it was an instrument conveying a present interest, what estate passed by it?

As to the first question, it is ur necessary to examine the numerous cases to be found on the subject. They are many of them cited in *Jackson* v. *Kisselbrack*, (10 John. 337,) which I consider decisive of this question. In that

case a memorandum of an agreement was made, by which the grantor " *set and to farm let*" to the defendant certain premises; and the agreement contained a covenant that they should be surveyed, and *then the defendant was to take a lease.* The late Chief Justice, in giving the opinion of the Court, says that the last circumstance has generally given a character to the instrument of an agreement for a lease as contradistinguished from a present demise. He adds, that none of the cases contradict the position, that where there are apt words of present demise, and to them are superadded a covenant for a further lease, the instrument is to be considered a lease, and the covenant as operating in the nature of a covenant for further assurance. This case is much stronger. Here are apt words of conveyance. The contract seems to be complete, and no provision is made for any further conveyance. If the assertion be true, " that there is no case of a present demise by apt words followed by a possession, in which the instrument has not been held to pass an immediate interest," (per Spencer, J. id. 338,) then certainly an immediate interest passed by the instrument under consideration.

John Murphy had an estate for the lives of himself and wife, and though the case is silent on the subject, I presume the wife is still living. The plaintiff, then, is entitled to recover, unless John Murphy conveyed away his whole estate. What estate did he convey ? Every tenant for life has the power of alienating his whole estate, or of creating any estate less than his own, unless restrained by condition. If he seeks to create a greater estate, the effort must necessarily be void for the excess, as no one can give what he has not. (1 Cruise's Dig. *Estate for life*, sect. 95.)

If lands are conveyed to a natural person without any words of limitation whatever, he will take an estate for his own life, unless the grantor be only tenant for his own life; in which case the grantee will take an estate for the life of the grantor only. (4 Cruise's Dig. *Deed*, ch. 24, s. 42.) But if a tenant for years conveys without limitation, his whole estate passes. (*Fenton* v. *Forster*, Dyer, 307, *b*. And **vid.** 2 Bac. Abr. *Estate for life and occupancy*, (A) p. 559.)

Lord Coke (Co. Litt. 42, *a.* and 183, *a.*) gives as a reason, the maxim in law, that every man's grant shall be taken by construction of law most forcibly against himself; and is so to be understood that no wrong be thereby done; for it is another maxim in law, *quod legis constructio non facit injuriam.* And, therefore, if tenant for life make a lease generally, this shall be taken an estate for his own life that made the lease; for if it should be a lease for the life of the lessee, it would be a wrong to him in reversion. The law will intend the lease to be such an one as he may lawfully make, rather than that an injury may accrue to any one. (Co. Litt. 42, *b.*)

Whether, therefore, the estate conveyed be for the life of the lessor or lessee, as both are dead, it is at an end; and as the lease to John Murphy has not expired, the plaintiff is entitled to recover. I have taken no notice of the fact of Murphy's name being stricken from the landlord's rent book, as that only shows the opinion of his agent; nor of the unexecuted lease, as that was not prepared by the direction of the defendant.

Judgment for the plaintiff.