WILLIAM H. KILMER and ANNA KILMER, *vs.* JOHN WILSON.

M. & W. were the owners of adjoining farms, that of M. lying between the farm of W. and the public highway. M. conveyed to W. a strip of land, 24 feet wide, and extending from the land of W. to the highway, by deed containing the following provisions: " The said party of the first part, for and in consideration of one dollar * * * and for the faithful performance of certain things hereinafter mentioned to be done and performed by the party of the second part, his heirs and assigns, has granted, aliened, remised, released and confirmed, and by these presents doth grant, &c. unto the said party of the second part; and to his heirs and assigns, all that certain strip of land hereinafter described, of the width of 24 feet, for a *private road.*" * * * " The said party of the second part binds himself, his heirs and assigns, to and with the party of the first part, his heirs and assigns, that they may *have free and full permit to travel the said road.*" The deed contained the usual covenant of warranty.

*Held;* that the deed conveyed the strip of land in fee; the covenant, on the part of the grantee, securing to the grantor the right to travel upon the said road, being consistent with the assumption that the grantee was to, and did, become the owner of the land, reserving to the grantor merely the right to travel thereon.

THIS is an appeal from a judgment entered upon the report of a referee in favor of the defendant, dismissing the complaint of the plaintiff, with costs. The action was brought by the plaintiff, among other things, to have the rights of the parties ascertained and declared, in regard to the premises described in the complaint, and in the deed therein mentioned, and to recover damages for wrongfully withholding such premises from the possession of the plaintiff. The referee

reported in favor of the defendant. Judgment was entered, upon his report, and the plaintiff appealed.

*Ira Shaffer*, for the appellant.

*H. S. McCall*, for the respondent.

*By the Court*, INGALLS, J.　On the 31st January, 1848, William Moore and James Wilson were each the owner of a farm situated in the town of Bethlehem, Albany county. The farm of Moore lay between the farm of Wilson and the public highway, and Moore conveyed to Wilson the strip of land, in controversy, being 24 feet wide, and extending from the land of Wilson to the public highway. The material question, in this case is, whether Moore did, by the deed in question, convey the fee of the strip of land, or merely create an easement ?　The deed contains the following provisions : " The said party of the first part, for and in consideration of the sum of one dollar, to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged and confessed, and for the faithful performance of certain things hereinafter mentioned to be done and performed by the party of the second part, his heirs and assigns, has granted, aliened, remised, released and confirmed, and by these presents do grant, release and confirm unto the said party of the second part and to his heirs and assigns, all that certain strip of land hereinafter described, of the width of 24 feet *for a private road.*"　" The said party of the second part binds himself, his heirs and assigns, to and with the party of the first part, his heirs and assigns, that they may *have free and full permit to travel the said road.*　The deed contains the usual covenant of warranty. In our opinion, the deed conveyed the land in fee. The covenant on the part of Wilson, the grantee, securing to Moore, the grantor, the right to travel upon the said road, is certainly consistent with the assumption that Wilson was to, and did, become the owner of the land,

reserving to Moore merely the right to travel thereon. Any other construction would be unreasonable, and against the apparent intent of the parties, in making this arrangement. The covenant of warranty is in harmony with the view thus taken, and tends to confirm it. The nature and effect of such covenant is well defined by Judge Brown, in *The Long Island Railroad Co.* v. *Conklin,* (32 *Barb.* 388.) He remarks : " Its effect is limited expressly to assure the title of the grantee, to the lands granted in the premises of the deed ; *for it would be absurd to make such a covenant in respect to lands, the title to which remained in the grantor.*" The case cited bears, in other respects, with considerable force, upon the case at bar, in regard to the construction which the deed in question should receive. (*See also Dennison* v. *Ely,* 1 *Barb.* 612 ; *Nicoll* v. *N. Y. & E. Railroad Co.,* 12 *N. Y. Rep.* 121; *Tabor* v. *Bradley,* 18 *id.* 111 ; 3 *Kent's Com.* 419.) The words " for a private road," which precede the description of the premises, taken in connection with the covenant, on the part of the grantee, that the grantor, his heirs and assigns, should have " free and full permit to travel the aforesaid road," have the effect to limit the general use of the strip of land by the grantee so as not to deprive the grantor of the right reserved to travel upon the same. But to give these words the controlling effect claimed by the plaintiff would, in my judgment, be in conflict with the plain words of the grant, and the obvious intention of the parties thereto. It is an established rule, in construing a conveyance, to ascertain, and as far as the rules of law will allow, give effect to, the intention of the parties. But when the words of a grant are doubtful, they are to be taken most strongly against the grantor. (*Hathaway* v. *Power,* 6 *Hill,* 453. *Jackson* v. *Blodget,* 16 *John.* 172.) It is quite clear that Moore intended to convey this strip of land to Wilson, retaining the right to pass over it, and that is accomplished by the construction which has been given to the deed in question. The referee properly excluded the evidence under the offer of the plaintiff to show

that the defendant told the plaintiff, be would give $30 to own the land embraced in the strip, and was willing to be taxed for it. Such evidence would have the effect to contradict the deed, or at least to substitute the loose declaration of parties for the written instrument, which is the best evidence and must control. The judgment must be affirmed, with costs.

[ALBANY GENERAL TERM, May 6, 1867. *Peckham, Ingalls* and *Hogeboom,* Justices.]