·CHARLES W. WHITNEY AND MALVINA WHITNEY, RESPONDENTS, *v.* HARVEY W. RICHARDSON AND OTHERS, APPELLANTS.

*Easement — when it is not personal to the grantee, although there are no words of inheritance in the grant.*

In an action brought to recover compensation for the use of the waters of a spring used in carrying on a cheese factory, it appeared that the plaintiffs' grantor, by an instrument under seal, duly acknowledged and recorded, let to the defendants" grantor the right to take and use sufficient water to run his cheese factory, and " to have the use of said water so long as the same shall be used for the purpose of running a cheese factory."

*Held,* that the instrument created an easement which was not personal to defendants' grantor. .

That its purpose was to secure water for the factory, and that, notwithstanding the absence of words of inheritance, and of the fact that its form was that of a lease, the defendants, upon performance of the conditions of the grant, were entitled to enjoy the easement.

APPEAL by the defendants, Harvey W. Richardson, Wellington C. Beebe and De Witt C. Beebe, from a judgment, entered in the office of the clerk of Erie county on the 23d day of February, 1889, in favor of the plaintiffs, after a trial at the Erie Circuit before the court and a jury, at which a verdict was rendered in favor ·of the plaintiffs for $100 ; and from an order, entered in said clerk's

office on the 6th day of August, 1890, denying the motion of said defendants for a new trial made upon a case and exceptions.

*Charles W. Sickmon,* for the appellants.

*Charles F. Whitcher,* for the respondents.

CORLETT, J.:

At the time stated in the instrument a paper was executed, of which the following is a copy :

" This indenture, made this second day of December, 1873, between Abner Orr, of the town of Holland, and county of Erie, and State of New York, of the first part, and William A. Johnson, of the town of Collins, county and State aforesaid, of the second part, witnesseth : That for and in consideration of the sum of one dollar, paid by the party of the second part to the party of the first part, has letten and by these presents does let, grant and demise unto the said party of the second part the right to take and use sufficient water to run his cheese factory in Holland from a spring on the premises of the party of the first part, situate about thirty rods east of said cheese factory, and being the same spring by which the water is now conveyed to said cheese factory ; to have the use of said water so long as the same shall be used for the purpose of running a cheese factory, provided the said party of the second part shall, in digging for the purpose of laying and repairing pipes for the purpose of conveying water from said spring to said cheese factory, fill up and keep the surface level.

" In witness whereof, the party of the first part has hereunto set his hand and seal the year and day first above mentioned.

"ABNER ORR. [L. S.]

" On the fifth day of December, 1873, came before me Abner Orr, to me known, and acknowledged that he executed the within instrument for the purpose therein mentioned.

"JOHN O. RILEY,
"*Notary Public for Erie County.*"

The above instrument was acknowledged and recorded in Erie county clerk's office on the 16th day of December, 1873. Johnson died in 1877 and Orr in 1880. The plaintiffs became the owners

of the land upon which the spring stood in 1884, and the defendants became the owners of the cheese factory, which continues to be operated.

In July, 1888, this action was brought to recover rent from the defendants for using the waters of the spring in their business of manufacturing cheese. Issue was joined and a trial was had before a justice and jury, which resulted in a verdict of $100 in favor of the plaintiffs. A motion for a new trial was denied, and the defendants appealed to this court from the judgment and order.

The sole question on this appeal is whether the right or interest created by the above instrument was simply personal, terminating with the death of Johnson, or whether it enured to the benefit of the cheese factory while it continued to be used as such. The trial court held that it terminated with the life of Johnson, and that after that the plaintiffs were entitled to the value of the use of the water taken for cheese manufacturing purposes. Upon that ground the plaintiffs recovered. It appears from the instrument and case that water from the spring had been used for the purposes of this factory before the writing was executed. The word "indenture," which the instrument is called, imports in its broadest sense a conveyance. The term "grant" is defined as the passing of real estate from one to another. While the instrument in this case was in form executed to Johnson, yet it provides in terms for the use of such water "so long as the same shall be used for the purpose of running a cheese factory" on complying with certain conditions therein mentioned. 1 Revised Statutes (748, § 1) is as follows: "The term 'heirs,' or other words of inheritance, shall not be requisite to create or convey an estate in fee, and every grant or devise of real estate, or any interest therein, hereafter to be executed, shall pass all the estate, or interest of the grantor or testator, unless the intent to pass a less estate or interest shall appear by express terms or be necessarily implied in the terms of such grant."

In *Nellis* v. *Munson et al.* (108 N. Y., 453) it was adjudged that an easement to carry water across the lands of another for the benefit of the dominant estate is an interest in fee or of the freehold within the meaning of the statute. In that case the instrument was not acknowledged or recorded. It was, therefore, held to be void as against the purchaser.

In the case at bar the instrument was both acknowledged and recorded. The omission of the words "heirs or assigns" did not limit the extent of the grant. (*Nicoll* v. *N. Y. and E. R. R. Co.*, 12 N. Y., 121; *Cole* v. *Lake Co.*, 54 N. H., 242, 243–278; *Matter of Kirk* v. *Richardson*, 32 Hun, 434, 435.) A cheese factory in a neighborhood or locality may be of great value and convenience to the surrounding country. The purpose of making the instrument was manifestly to insure the continued use of the factory. The consideration named in the instrument was entirely immaterial. (*Bliss* v. *Greeley*, 45 N. Y., 671; *Johnstown Cheese Mfg. Co.* v. *Veghte*, 69 id., 16.)

The Special Term, in denying the motion for a new trial, construed the instrument as personal to Johnson. A careful reading shows no such limitation; it was manifestly intended to enable the factory to be kept in use. The fact that Johnson was then its owner caused the instrument to be drawn to him. The words "heirs or assigns" were not used, nor was it necessary that they should have been. The value of the cheese factory might be practically destroyed if the right to use the water from the spring should be confined to the lifetime of the owner, which might be of short duration.

The whole instrument clearly implies that its central purpose was to secure water for the use of the factory upon the conditions being complied with. There were no words of limitation confining such use to the lifetime of Johnson. It is not alleged or claimed that any of the conditions contained in the instrument were not fully performed and kept by Johnson and his successors. The form of the indenture shows that it never entered into the contemplation of either party that rent should accrue or be collected.

Importance was attached by the Special Term to the words indicating that the instrument was a lease.

In *Genet* v. *Delaware and Hudson Canal Company* (122 N. Y., 505) it was held that a contract which stated that the plaintiff and her husband, as parties of the first part, for certain considerations specified, "hath leased and doth hereby lease" to defendant certain lands, vested an estate in fee in the coal, etc., which shows that calling the instrument a lease does not limit its construction.

Numerous cases have been decided upon a great variety of facts

which would throw no particular light upon the questions involved in this controversy. The learned justice at Special Term states, in substance, that the defendant's contention would be correct if the instrument could be construed as one executed for the benefit of the factory. But he limits its construction to the use of Johnson personally. Having reference to the terms of the grant, and circumstances surrounding the making of the instrument, including the conditions existing at the time, a construction should be adopted, if the language used will admit of it, which secures the benefit of the water for the manufacture of cheese so long as the building is used for that purpose.

It is a fundamental principle of construction that when the terms of the grant are doubtful, they will be taken most strongly against the grantor. (*Kilmer* v. *Wilson,* 49 Barb., 86–88; *Herman* v. *Roberts,* 119 N. Y., 37.)

*Coleman* v. *Beach* (97 N. Y., 545), cited by the learned justice at Special Term, is not in conflict with this rule. The learned judge delivering the opinion in that case says, on page 553 : " The rule governing controversies between grantor and grantee, by which the language of a conveyance is required to be taken most strongly against the grantor, has no application when the dispute occurs between parties claiming under the same conveyance, and who are each entitled to *the benefit of the same rule of construction.*"

In the case at bar the grantor invokes one rule of construction which would benefit him, and the grantee a different one which would secure a different result. In this case the exact question is, whether the grantee shall have the benefit of the general rule of construction. The case cited at Special Term has no application.

The learned counsel for the respondent cites *Jackson* v. *Van Hoesen* (4 Cow., 325) in support of his position. It has no application, as that case was decided before the Revised Statutes, when the words " heirs and assigns " were material.

It follows that the judgment and order must be reversed and a new trial granted.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment and order appealed from reversed and new trial granted, with costs to abide the event.