## SHENK ET AL. v. STAHL ET AL.

[No. 5,237.  Filed May 23, 1905.]

1. LANDLORD AND TENANT. — "Granted and Leased." — Quiet Enjoyment.—The words "granted and leased" in a contract wherein the landowner granted to others the right to use a gas-well and an interest in the fixtures therewith connected amount only to a covenant for quiet enjoyment.  p. 497.

2. CONTRACTS. — Construction. — Intention. — The intent as gathered from the language employed in a contract will be enforced where there is no averment of a mistake therein.  p. 497.

3. SAME.—Lease.—Gas-Well.—A contract whereby the landowner surrenders possession of lands "for the purpose of a gas-well so long as it is used for the same" constitutes a lease, and gives the lessees the right to take gas therefrom only so long as used for that purpose. p. 497.

4. PLEADING.—Construction.—Doubt.—Where doubt exists as to the meaning of a pleading, it will be construed most strongly against the pleader.  p. 498.

5. SAME.—Complaint.—Termination of Lease.—Failure to Negative.— Where the tenant has a lease of a gas-well "so long as it is used for the same" and his complaint shows that the landlord is in possession and that the gas-well ceased to provide sufficient gas to supply the tenants and that they ceased to use gas from such well, such complaint fails to show that the lease has not expired, and that the tenants have not parted with their interest therein.  p. 498.

6. LANDLORD AND TENANT. — Gas Lease. — Rent. — Term of Lease.— Where the landlord leased a gas-well, reserving an interest in the fixtures and a portion of gas, "so long as it is used for the same," such gas and interest in the fixtures will be considered as rent, and such lease terminates when such well ceases permanently to be used, and the discovery of gas therein later will not revive such lease.  Heller v. Dailey (1902), 28 Ind. App. 555, distinguished.  p. 499.

From Howard Circuit Court; J. F. Elliott, Judge.

Action by Adam Stahl and others against Reuben Shenk and another.  From a decree for plaintiffs, defendants appeal.  Reversed.

Blacklidge, Shirley & Wolf, for appellants.
Bell & Purdum, for appellees.

MYERS, P. J.—Appellees instituted this action in the Howard Circuit Court against appellants, and the cause was tried on an amended complaint in three paragraphs.

The separate demurrer of Reuben Shenk to each paragraph of the complaint was overruled, and this ruling is here assigned as error.

The complaint was answered in three paragraphs, the first being a general denial. Other pleadings, not necessary for us here to notice in the decision of this case, were filed. Trial by the court, finding and decree in favor of appellees. The substance of the first paragraph of the amended complaint may be stated as follows: On September 18, 1889, Reuben Shenk and his wife, Julia Shenk, were the owners by entireties of 100 acres of land in Howard county, Indiana, and on that day they leased to the Diamond Plate Glass Company of Indiana a twenty-foot-square tract out of the northwest corner thereof, for the purpose of constructing a gas-well thereon, which was constructed, and properly equipped with the necessary casing, fixtures and appliances; that on October 13, 1890, said lease was assigned in writing to the Diamond Plate Glass Company of Chicago, Illinois, which last-named company on August 15, 1891, duly assigned said lease for a valuable consideration, and all rights thereunder, and also the gas-well constructed under the terms thereof, and fixtures connected therewith, to Daniel A. Shenk; that on August 22, 1891, said Reuben Shenk and Julia Shenk, his wife, were still the owners by entireties of said real estate; that on said day said Daniel A. Shenk sold said gas-well with its casing, separator, regulator, piping and fixtures connected therewith, except oneseventh thereof, to the appellees in this cause, and to George Ingels and Jacob Reel, both deceased at the beginning of this action; that on said last date Reuben Shenk and his wife entered into a written contract with the appellees, Adam Stahl, George Stahl, John Rich and George Ingels and Jacob Reel, and also the appellant Daniel A. Shenk,

as follows: "This agreement made and entered into this 22d day of August, 1891, by and between Reuben Shenk of the first part and Daniel A. Shenk, John Rich, George Ingels, Adam Stahl and Jacob Reel of the second part, witnesseth: That the party of the first part has this day granted and leased to the second parties, their heirs and assigns, twenty-foot square of land in the northwest corner of the southeast quarter of section two, township twenty-three north, range four east, for the purpose of a gas-well so long as it is used for the same. In consideration of said grant and lease and other considerations said second parties give to Reuben Shenk a one-seventh interest in and to the within described gas-well, piping and fixtures connected therewith, the same being valued at $100. The parties here named—Daniel A. Shenk, John Rich, George Ingels, Adam Stahl, George Stahl, Jacob Reel and Reuben Shenk—all have an equal share in said gas-well, piping and fixtures, etc., and agree to pay their equal shares of expenses to keep the same in repair, etc. Each of the above-named parties shall have free gas for one dwelling-house and kettle jet." This contract was signed and acknowledged by all the parties and duly recorded.

It is also averred that all the parties to said contract intended thereby to convey to and fix the respective interests of each, and to lease said gas-well, fixtures, connections, pipes and privileges; that then and now a public highway ———— feet in width extended north and south on the west line of the real estate of said Reuben Shenk; that by the mutual mistake of all the parties said writing did not properly describe the land on which the well was located. The true description is then given, which it is alleged the parties intended to have written in the contract. It also avers that pursuant to said contract the parties thereto entered into possession of said property, and attached the necessary gas-pipe and appliances to connect the residences with said gas-well, and began and continued to use gas

therefrom under said contract "until said gas-well ceased to provide gas in sufficient quantities to supply them;" that the supply of gas in said well thereafter greatly increased, and in quantities sufficient to supply all said parties; that Julia Shenk departed this life before the beginning of this action; that Reuben Shenk and Daniel A. Shenk have reconnected the pipes owned by them with said gas-well, and are using the gas therefrom to the exclusion of appellees; that appellee Abraham C. Ingels has succeeded to all the rights, interests and privileges of George Ingels under said contract; that appellee Isaac Keyton has succeeded to the rights of Jacob Reel, and is entitled to all the privileges belonging to said Reel under said contract; that each appellee has demanded of Reuben Shenk the right to enter upon said premises where said well is located, and attach pipes thereto and use gas therefrom, all of which has been denied them by said Shenk, who claims to be the absolute owner of said gas-well, together with all said fixtures and connections, and threatens to have appellees arrested if they interfere with said gas-well or go upon said premises to connect gas-pipes with said well; that natural gas has a peculiar value as fuel, and appellees are unable to obtain it from any other source; that appellees have suffered damages by reason of being unlawfully kept out of possession of said well; that Daniel A. Shenk is made a party to answer to his interest. Prayer that the contract be reformed so as to give the true description of the real estate; that each appellee be declared the owner of one-seventh of said gas-well, together with all fixtures, pipes, etc., with the right to use gas from said well, etc.; that Reuben Shenk be permanently enjoined and restrained from disconnecting appellees' pipes from said well, etc., and for damages.

The finding and judgment of the court not being based on any particular paragraph of the complaint, we will first consider the alleged error as applied to the first paragraph. In determining this question we should keep in mind the

true status of Reuben Shenk as fixed by the terms of the contract. And it may be said that by the terms of the contract in suit the rights of all the parties to this suit must be measured. As the question now arises, Reuben Shenk may be considered the owner of the land at the time the contract in suit was entered into. By this contract he gave to appellees certain rights, and agreed to and did release appellees from a certain contract then existing, covering the same tract of land, and in consideration thereof he received a one-seventh interest in the gas-well as held by appellees and his co-appellant under the contract in suit, together with a one-seventh interest in the piping and fixtures connected therewith, which interest was valued at $100. He also agreed to pay his equal share of the expenses "to keep the same in repair," and was to have "free gas for one dwelling-house and kettle jet."

1. The words "granted and leased," as used in the contract in suit, can amount to nothing more than a covenant for quiet enjoyment on the part of Reuben Shenk to the other parties to the contract, or the passing of the real estate from one to the other for the time, and upon the conditions stipulated therein. *Stott* v. *Rutherford* (1875), 92 U. S. 107, 23 L. Ed. 486; *Whitney* v. *Richardson* (1891), 59 Hun 601, 13 N. Y. Supp. 861.

2. The intention of parties to a contract, as to its terms and obligations imposed, will be enforced by the courts, but in arriving at such intention courts are limited to the language used therein, in the absence of proper averments of mistake. *Witty* v. *Michigan Mut. Life Ins. Co.* (1890), 123 Ind. 411, 8 L. R. A. 365, 18 Am. St. 327; *Beard* v. *Lofton* (1885), 102 Ind. 408; *Barney* v. *Indiana R. Co.* (1901), 157 Ind. 228.

3. No precise words are required to create a lease. Language sufficient to show an intent on the part of the owner of the land to surrender possession to another for a

determinate time for a consideration amounts to a lease. *Heywood* v. *Fulmer* (1892), 158 Ind. 658, 18 L. R. A. 491; *Williams* v. *Miller* (1885), 68 Cal. 290, 9 Pac. 166; *Harris* v. *Ohio Oil Co.* (1897), 57 Ohio St. 118, 48 N. E. 502.

By the contract in suit, Reuben Shenk surrendered to appellees and his co-appellant possession of the twenty-foot-square tract of land "for the purpose of a gas-well" for a determinate time, to wit, "so long as it is used for the same." That is to say, when they cease to use the well as a gas-well, the rights granted by the contract terminate. The contract in suit is clearly a lease.

It is conceded that natural gas in place in its natural state is real estate, and becomes personal property only after being mined and reduced to possession. It has been held by this court that the shaft drilled in land from the surface to the gas-bearing rock is a part of the realty. *Ohio Oil Co.* v. *Griest* (1902), 30 Ind. App. 84. Therefore, as it seems to us, the purpose of the contract in suit was to permit the lessees, through the medium of the gas-well on the land and through pipes to take and remove a part of the real estate, in the form of natural gas, for such length of time only as the well was used for that purpose, and the ceasing to use the well for that purpose was the time fixed by the parties for the termination of all rights given thereby.

4. It is an old and well-settled rule of pleading that where doubts arise upon pleadings they are construed most strongly against the pleader. *Cincinnati, etc., R. Co.* v. *Smock* (1893), 133 Ind. 411; *State, ex rel.,* v. *Casteel* (1887), 110 Ind. 174; *Cleveland, etc., R. Co.* v. *Stewart* (1900), 24 Ind. App. 374; *Heintz* v. *Mueller* (1898), 19 Ind. App. 240.

5. The complaint avers possession of the property by appellees from August 22, 1891, and the use of gas from the well "until said gas-well ceased to provide gas in sufficient quantities to supply them;" that appellees are now

out of possession of the real estate, and that appellant Reuben Shenk is in possession; that at some time prior to the bringing of this suit all of the parties to said contract or their successors ceased to use gas from said well. Construing the pleading most strongly against the pleader, the complaint is defective in that it does not state facts showing that the lease has not expired, or that it is in full force and effect, and that appellees have not parted with their interest in the well and fixtures connected therewith. For aught that appears in this paragraph of the complaint, appellees are rightfully out of possession of the real estate and gaswell described in the lease, and that Reuben Shenk, as owner of the land, has reëntered and rightfully taken possession of the same.

6. The supreme court of Pennsylvania (*Stone* v. *Marshall Oil Co.* [1898], 188 Pa. St. 614) approved as the law the following, as reported in *Akin* v. *Marshall Oil Co.* (1898), 41 Atl. 748: "In general terms, it may be said that when a covenant is for the performance of some duty in connection with the possession, and relating to the land, or in the nature of rent or royalty for the use and enjoyment of the premises, it is a covenant running with the land. [Citing authorities.] The rent need not be money. It may be a share in the product, as a share of the crops on a farm or the share of oil in an oil lease. [Citing authorities.] A share of the gas stands on the same footing as a share of the oil."

In the case at bar the interest received by Reuben Shenk in the personal property owned by lessees, and "free gas for one dwelling-house and kettle jet," was for rent on account of the benefits enjoyed by the lessees from the property leased. The fact that he is part owner of the personal property adds nothing to, nor does it take away any of the legal rights of the parties as expressed in the lease. It follows that if the well, for lack of gas or other cause, had actually, and not temporarily ceased to be used as a gas-well, the lease

terminated, and, having once terminated, the discovery of gas in the well thereafter in sufficient quantities for use, and which in fact was thereafter used, will not alone revive the lease. Bearing on this question see *Cassell* v. *Crothers* (1899), 193 Pa. St. 359, 44 Atl. 446; *Lowther Oil Co.* v. *Miller-Sibley Oil Co.* (1903), 53 W. Va. 501, 44 S. E. 433.

The case of *Heller* v. *Dailey* (1902), 28 Ind. App. 555, is readily distinguishable from the case at bar. In that case this court in the first opinion said: "By the terms of this contract the landowner 'grants' to Dailey and Eddington 'all the oil and gas in and under' the land, with the right to enter upon the land at all times for the purpose of drilling and operating for oil or gas. * * * The contract is not in the form of a lease of the land, or any portion of it, for years or for life or in perpetuity, with an accompanying right, as an incident of the letting, of taking the oil and gas beneath the surface." The contract in the Heller case was not regarded "as a grant of land, or as a lease, properly so called," but as "a grant of a right in the nature of an incorporeal hereditament, operative from the time of its execution," and as an interest in real estate which could not be surrendered except in writing sufficient to convey the interest. The lessee had assigned the contract, and in a suit by the lessor against the lessees and assignee to enforce the covenants of the contract, the lessees undertook to escape liability under the contract by proof of a parol agreement between lessor and themselves, and to which the assignee was not a party, amounting to a surrender of the contract. It was a live contract, the remote assignees of the lessees were in possession of the premises under the contract, rentals were due and unpaid, and other violations of the contract were charged by the lessor against lessees and their assignees. On the theory that the grant was an interest in land, in the absence of a surrender of the interest by a reconveyance, the lessees were held liable. In passing on the case the court said: "If the law will imply a surrender in a given case,

it would seem to be reasonably clear that the implication will arise from the acts of the parties, and will not be based upon proof of an oral agreement between lessor and lessee." The case at bar, it will be observed from what we have said, presents an entirely different question.

The theory of and the controlling question in this paragraph, as well as that of the third paragraph, is the right of appellees to reënter the premises described in the lease, reconnect pipes to and take gas from the well in question, and for an injunction. We express no opinion on the rights of the parties in what may be termed "trade fixtures" situated on the leased premises. What we have here said will, in a measure, apply to the other paragraphs of the complaint, but as it will answer no good purpose for us specially to consider the errors predicated on these paragraphs or other errors assigned, as to such errors we express no opinion.

For the reasons stated the court erred in overruling the separate demurrer of Reuben Shenk to the first paragraph of the complaint.

Judgment reversed, with instructions to the trial court to sustain said demurrer.