# FALL CREEK SCHOOL TOWNSHIP OF MADISON COUNTY v. SHUMAN.

[No. 8,106. Filed December 18, 1913.]

1. APPEAL.—*Exceptions to Conclusions of Law.*—*Findings.*—For the purpose of their consideration, exceptions to conclusions of law stated by the trial court admit that the facts were fully and correctly found. p. 235.

2. DEEDS.—*Conditions Subsequent.*—*Effect.*—The title to property conveyed upon a condition subsequent does not vest in subsequent grantees of the original grantor upon the happening of the condition, or abandonment of. the property, but vests in such grantor or his heirs upon a proper reëntry. p. 236.

3. DEEDS.—*Conditional Limitations.*—*Effect.*—Under a deed conveying property subject to a conditional limitation, upon the determination of the estate, the title vests *ipso facto*, and passes to one at the time holding under a subsequent deed from the original grantor. pp. 236, 237.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Property.*—*Abandonment of Use.*—*Effect.*—Where property was granted to the trustees of a school township so long as used for school purposes, an abandonment of the school maintained thereon terminated the use of the township, regardless of the fact that a statute was in force authorizing or even requiring the reopening or reëstablishing of such school. p. 236.

5. DEEDS.—*Construction.*—*Conditional Limitation.*—A deed must be construed as a whole and the grantor's intention must control, hence a deed conveying property to the trustees of a school cor-

poration and their successors in office forever, "so long as the same is used for school purposes," when considered in connection with the surrounding circumstances, the situation of the parties, and the condition of the parties, created an estate with a conditional limitation, so that the estate held by such school corporation vested *ipso facto*, on the abandonment of the school, in one who at the time held title under a later conveyance from the original grantor. p. 237.

From Madison Circuit Court; *H. Clarence Austill*, Special Judge.

Action by Fall Creek Township of Madison County against Henry H. Shuman. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Lawrence V. Mays* and *Henry C. Ryan*, for appellant.
*Jesse C. Shuman* and *Kittinger & Diven*, for appellee.

SHEA, J.—This was a suit by appellant to quiet title to, and for possession of certain real estate in Madison County, Indiana. No question is raised on the pleadings, therefore they need not be set out.

Special findings of fact were made and conclusions of law stated thereon by the court, the substance of which is as follows: On March 23, 1832, Henry Snell entered from the United States government, certain described real estate in Madison County, Indiana. By said entry and continuing in possession from that date to August 4, 1854, he became the owner in fee simple thereof. On August 4, 1854, he executed to appellant a deed of conveyance of a portion of said real estate as follows:

"Henry Snell, of Madison County, in the State of Indiana, quitclaim to the trustees of Fall Creek Township, and their successors in office forever, of Madison County, in the State of Indiana, in consideration of the benefit of common school, the following real estate in Madison County, in the State of Indiana, to wit: A part of the west half of the northwest quarter, of Section eight (8), Township Eighteen (18) North, of Range Seven (7) East, * * * containing about one-fourth (1/4) of an acre, so long as the same is used for school purposes. * * *"

The deed was duly acknowledged and recorded. Prior to the year 1848, the officials of Fall Creek Township took possession of the real estate, erected a log cabin on it, and in the same year began holding school therein. Some years later, this building was replaced with a frame school building, which was afterwards removed, and another schoolhouse erected. In 1894, this was removed and a brick schoolhouse which is now standing, was erected on the land and is worth about $1,000. The real estate with the several buildings thereon was used for school purposes continually from 1848 to the end of the school year in March, 1908. In the spring of 1908, it was found that the daily attendance during the last preceding school year fell below twelve, and the scholars were transferred to another district where they have since attended school. In August, 1908, the school trustee removed all the school furniture, including seats, blackboard and maps from the building to another district, leaving the stoves and school bell. The trustee at that time notified appellee Shuman that the township was not intending to abandon the schoolhouse and premises. At the time of removal of the furniture from the building in August, 1908, it was the intention of the trustee to discontinue and abandon the school at that place, and from that time there has been no school on the premises, nor effort made to reinstall the same. The enumeration of 1910 showed the number of children between the ages of six and sixteen years, residing in the district to be twenty-five. Soon after the acts of the trustee, appellee Shuman took possession of the school building, locked the same, and has ever since continued in possession thereof, and is claiming an interest in and title to the real estate. Appellant was in peaceful, continuous and uninterrupted possession of the real estate from August 4, 1854, until August, 1908, and the only claim of ownership or title made by it was that conveyed and granted by the deed of conveyance to it. Henry Snell continued to own the real state and all interest therein except that conveyed

to appellant until January 11, 1861, when he conveyed to William Snell by deed with covenants of general warranty the entire tract, without exception or reservation on account of the conveyance made to appellant. Afterwards, and prior to March, 1908, the real estate was conveyed to appellee Shuman, his respective grantors conveying the entire tract without reservation on account of the deed to appellant, and since that time, Shuman has been the owner of all the interest in the real estate which was owned by Henry Snell after the execution of the deed to appellant. Shuman, at the time the conveyance was made, and each of his grantors, at the time they acquired the real estate, respectively, had full notice and knowledge of the deed executed by Henry Snell to appellant, and that appellant was in possession of the real estate and occupying it for school purposes.

Upon these facts the court stated its conclusions of law to be: (1) The deed of conveyance from Henry Snell to appellant, executed on March 4, 1854, did not convey to appellant a fee simple title to the real estate; (2) said deed did not convey the title to the real estate described therein with a condition subsequent; (3) said deed conveyed to appellant the right to the possession and to use said real estate for such time as appellant should continue to use and occupy it for school purposes; (4) appellee Shuman is the owner of said real estate; (5) appellant is not entitled to have its title thereto quieted as against appellee; (6) appellant is not entitled to possession of the real estate as against appellee Shuman. Judgment was rendered accordingly.

The evidence is not set out in appellant's brief, therefore no question is raised as to the sufficiency of the evidence to support the special findings of fact. For the purpose

1. of considering the exceptions to conclusions of law, the exceptions thereto admit that the facts have been fully and correctly found. *National State Bank* v. *Sanford Fork, etc., Co.* (1901), 157 Ind. 10, 15, 60 N. E. 699; *City of*

*Indianapolis* v. *Board, etc.* (1902), 28 Ind. App. 319, 323, 62 N. E. 715; *Ladd* v. *Kuhn* (1901), 27 Ind. App. 535, 540, 61 N. E. 747. Many points are discussed by the learned counsel in their briefs, but it is the judgment of the court that the whole question here depends upon the construction to be given to the deed of Henry Snell to appellant. If it

2. be a deed conveying a title with a condition subsequent, appellee is not entitled to recover in this case, because the title would not vest in the grantees of Snell, upon the abandonment of the property, but in him or his heirs, upon proper reëntry. *Higbee* v. *Rodeman* (1891), 129 Ind. 244, 28 N. E. 442; Tiedeman, Real Property §281. If it be construed to be a deed with a conditional limita-

3. tation, and the estate created has been determined, then the judgment of the lower court should be sustained, as the title then vests *ipso facto* upon the happening of the contingency stated in the deed, and the title in question passes to the holder of the title derived through the deed of the original grantor, held in this case by the appellee. 2 Washburn, Real Property (4th ed.) 24; *Miller* v. *Levi* (1871), 44 N. Y. 489.

Many questions are suggested by appellant's learned counsel with respect to the various statutes defining the duties of township trustees governing district schools, but the

4. special findings in this case are conclusive upon that subject, and are unequivocal in the statement that the trustee intended to abandon the school. Therefore, the fact that a statute is in force which authorized or even required the trustee to reopen or reëstablish the school in this district can not affect the title to this real estate. His abandonment of the school in the first instance is the act which terminates his use. *Eaton* v. *Allegany Gas Co.* (1890), 122 N. Y. 416; *Shenk* v. *Stahl* (1905), 35 Ind. App. 493, 74 N. E. 538. It is stated in 2 Washburn, Real Property

2. (4th ed.) 24, that the distinction between a condition subsequent and a conveyance with a limitation

upon the title is technical, but clear. An example may be given by changing somewhat the language of the deed in controversy. If the original grantor had stated in terms that the land was conveyed to the township to be used for school purposes, it would have been a condition subsequent, and in order to divest the township of title, there must have been a reëntry by the original grantor or his heirs. But the language in this deed—"so long as the same is used for school purposes", divests the title *ipso facto* upon the happening of that event, and appellee in this case holding the legal title by conveyances from his grantors is entitled to recover.

Some confusion arises in the construction of this deed because of the following language in the first clause, "to the Trustees of Fall Creek Township, and their successors in office forever". The word "forever" would seem to indicate that the grantor intended that the property should vest in fee simple in Fall Creek Township, and if that be the correct view, it would completely nullify the language in the last clause. It is a well settled rule, however, that the deed must be construed as a whole, and the grantor's intention must control. In 2 Devlin, Deeds (3d ed.) §844a this language is found: "If possible, some effect must be given to every word in a deed and it must be harmonized with the other language of the conveyance. The modern rule is that the grantor's intention should control. In construing the instrument, it is to be taken as a whole, and the plain intent of the grantor will prevail over technical words of legal signification." In the case of *Uhl* v. *Ohio River R. Co.* (1902), 51 W. Va. 106, 114, 41 S. E. 340, it is said: "As to wills the rule has ever been that regardless of form or orderly parts, we must look at the real intention; but this has not been the case in the construction of deeds. Deeds have orderly parts, technical words of precise legal signification, and in times gone by those parts and words, and the strict rule of construction

of them, have been rigorously observed often defeating the manifest intention. Modern construction, however, has leaned towards the intention, overriding mere form and technical words, and nowadays it may be said that the intention must rule the construction in deeds as well as in wills.'' This is also the rule in Indiana. *Figgins* v. *Figgins* (1913), 53 Ind. App. 43, 101 N. E. 110; *Evans* v. *Dunlap* (1905), 36 Ind. App. 198, 75 N. E. 297; *Tinder* v. *Tinder* (1892), 131 Ind. 381, 30 N. E. 1077; *Scott* v *Michael* (1891), 129 Ind. 250, 28 N. E. 546.

It is our judgment that the estate created by this deed was one with a conditional limitation, and the abandonment of the school by the township trustee, even after a lapse of so many years, as shown by the special findings, terminates the estate held by said township *ipso facto*. 2 Washburn, Real Property (4th ed.) 24; *Ashley* v. *Warner* (1858), 77 Mass. 43; *Shenk* v. *Stahl, supra;* Tiedeman, Real Property §281; *Green* v. *Gresham* (1899), 21 Tex. Civ. App. 601, 604, 53 S. W. 382; *Atlanta Consolidated St. R. Co.* v. *Jackson* (1899), 108 Ga. 634, 638, 34 S. E. 184. The language of the deed, taken together with all the surrounding circumstances connected with the transaction, the situation of the parties, and the condition of the country, the estate granted, its condition and occupation, warrants this court in holding that the construction given to the deed by the lower court was the correct one; that the words ''so long as the same shall be used for school purposes'' limit the title, and must also be taken to qualify and modify the word ''forever'' in the first clause. *Figgins* v. *Figgins, supra; Proctor* v. *Maine Cent. R. Co.* (1902), 96 Me. 458, 52 Atl. 933; *Moran* v. *Lezotte* (1884), 54 Mich. 83, 19 N. W. 757. Judgment affirmed.

NOTE.—Reported in 103 N. E. 677. As to mode of taking advantage of breach of condition subsequent, see 93 Am. St. 572. As to what words create condition subsequent, see 79 Am. St. 747. See, also, under (1) 38 Cyc. 1992; (2) 13 Cyc. 706, 711; (4) 35 Cyc. 924; (5) 13 Cyc. 601. 604, 699.