HANNA ET AL. *v.* WASHINGTON SCHOOL TOWNSHIP.

[No. 10,406.    Filed June 1, 1920.]

DEEDS.—*Conditions.*—*"For School Purposes".*—*Schools and School Districts.*—The use of the words "for school purposes" in a deed to a school district does not create a condition subsequent.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by Washington school township of Hendricks

county, against Flora E. Hanna and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Horace L. Hanna* and *James L. Clark,* for appellants. *Hume & Gaston* and *James M. Ogden,* for appellee.

McMAHAN, C. J.—Complaint by appellee against appellants to quiet title. Judgment for appellee. · Jehu Parson, in 1890, in consideration of $150, sold the real estate in controversy, one and a half acres, to appellee "for school purposes." Appellee erected a schoolhouse on said land and maintained a school therein for several years, when, because of the small number of pupils, the school was abandoned, after which the building was sold and removed. Appellants, who are the heirs of Jehu Parson, are in possession of and claim to own said land. Their contention is that the phrase "for school purposes" in the deed created a condition subsequent which has been breached. This contention cannot prevail. *Newpoint Lodge, etc.* v. *Town of Newpoint* (1894), 138 Ind. 141, 37 N. E. 650, and *Higbee* v. *Rodeman* (1891), 129 Ind. 244, 28 N. E. 442. Judgment affirmed.

Enloe, P. J., not participating. ·