## MALONE, TRUSTEE OF LIBERTY SCHOOL TOWNSHIP, *v.* KITCHEN.

### [No. 11,368. Filed December 12, 1922.]

1. APPEAL.—*Questions Presented.—Sufficiency of Complaint.—Assignment of Error.*—No question is presented for review on appeal by an assignment of error that the complaint does not state facts sufficient to constitute a cause of action. p. 122.

2. APPEAL.—*Review.—Denial of Motion in Arrest of Judgment.*—It was not error to overrule a motion in arrest of judgment based on the alleged insufficiency of the complaint, where defendant, by failure to demur, had waived all objections to the complaint. p. 122.

3. PLEADING.—*Demurrer to Answer.—Searching Record.—Statutes.*—Under §344, cl. 6, Burns 1914, Acts 1911 p. 415, requiring that, with a demurrer to a complaint for want of sufficient facts, there shall be filed a memorandum stating wherein a pleading is insufficient, the rule that a demurrer to an answer searches the record and may be carried back to the complaint is not available to a defendant who has not questioned the sufficiency of the complaint by demurrer. p. 122.

4. APPEAL.— *Review.— Conclusions of Law.— Exceptions.— Effect.*—For the purpose of considering exceptions to conclusions of law, the exceptions admit that the facts have been fully and correctly found. p. 122.

5. SCHOOLS AND SCHOOL DISTRICTS.— *Conveyance of Land for School Purposes.—Abandonment of Use.—Effect.*—A conveyance of land to a school district by a deed reciting that the conveyance was for so long as the land shall be used for school purposes created an estate in fee, which determines when the grantee ceases to use the land for the designated purpose, and, in the absence from the deed of words creating a limitation over to a third person, reverts to the grantor, and a permanent

school building erected on the land conveyed, being a part of the realty, could not be removed by the grantee upon the abandonment of the land for school purposes.    p. 122.

From White Circuit Court; *Benjamin F. Carr,* Judge.

Action by Elizabeth R. Kitchen against James H. Malone, trustee of Liberty school township. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Palmer & Marvin,* for appellant.

*W. S. Bushnell* and *L. D. Carey,* for appellee.

REMY, J.—On February 21, 1873, Thomas B. Moore, being the owner in fee simple of the real estate here in controversy, conveyed the same by warranty deed to "School District No. 8, in Liberty township, of White county, Indiana, for the sum of one dollar," the deed reciting that the conveyance was for "so long as the foregoing land shall be used for a public school." Soon after the conveyance, the trustee of the township took possession of the real estate, and erected thereon a permanent school building, and caused the same to be occupied and used for school purposes, which building was continuously used for school purposes until April, 1920, since which time no part of the building or premises has been so used.    In the summer of 1921, appellant as trustee of the township gave notice that on August 31, 1921, he would offer for sale, and sell, such school building to the highest bidder.    On August 25, 1921, appellee, claiming to be the owner of the school building and premises, commenced this suit to enjoin the sale of the building and to quiet her title.    The complaint, which pleads the above facts, proceeds upon the theory that the building and premises were no longer used by the township for school purposes, and that therefore the township had abandoned to appellee, who asserts ownership, any title or claim it had thereto.    Without demurring

to the complaint, appellant filed an answer admitting that he is trustee of the township; that all the right, title or interest the township has in the real estate, or in the school building erected thereon, is derived from and through the deed of conveyance from Moore in 1873, under which the township took possession of the real estate, and erected thereon the building, and caused the same to be occupied for school purposes continuously thereafter, until April, 1920. Appellant further admits in his answer, that appellee is vested of whatever rights Thomas B. Moore would have in the real estate and school building, if he should now be living. It is also averred in the answer, that the school building has not been abandoned; that appellant has had under consideration the future abandonment of the building, but has not acted thereupon; and that his intent was, and is, not to abandon the building until the same has been disposed of by the township, under the forms of law applicable to the sale of school buildings. A demurrer to the answer was overruled, and the cause was tried by the court. By a special finding, the trial court found the facts substantially as alleged in the complaint and admitted in the answer, and by its conclusions decided the law to be with appellee. Motions by appellant in arrest of judgment and for a new trial having been overruled, judgment was rendered in favor of appellee, enjoining the sale of the building, and quieting appellee's title as prayed.

Errors assigned by appellant, and which have not been waived, are: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) overruling motion in arrest of judgment; (3) action of the court in failing "to trace back the demurrer of appellee to appellant's answer and sustain the same against the complaint;" and (4) action of the court in its conclusions of law.

No question is presented by the first assigned error. *Riley* v. *First Trust Co., Admr.* (1917), 65 Ind. App. 577, 117 N. E. 675. The reasons assigned in support of the motion in arrest of judgment all relate to the sufficiency of facts averred in the complaint. As held by the Supreme Court in *Hedekin Land, etc., Co.* v. *Campbell* (1915), 184 Ind. 647, 112 N. E. 97, the questions thus presented were waived by appellant's failure to demur to the complaint. Since the amendment of §85 of the Civil Code of Procedure (Acts 1911 p. 415, §344, cl. 6, Burns 1914) requiring that with a demurrer to a complaint for want of sufficient facts there shall be filed a memorandum stating wherein the pleading is insufficient, the rule that a demurrer to an answer searches the record, and may be carried back to the complaint, is not available to a defendant who has not questioned the sufficiency of a complaint by demurrer. See *Maxwell* v. *Springfield, etc., Ins. Co.* (1920), 73 Ind. App. 251, 125 N. E. 645. The court, therefore, did not err in refusing to carry the demurrer to the answer back to the complaint.

The remaining question is: Did the court err in its conclusions of law? For the purpose of considering exceptions to conclusions of law, the exceptions admit that the facts have been fully and correctly found. *National State Bank* v. *Sandford Fork, etc., Co.* (1901), 157 Ind. 10, 60 N. E. 699. The answer to the question here raised by the exception to the conclusions of law involves the construction of the deed, particularly the words "so long as the foregoing land is used for a public school." These words are not in any way indefinite or uncertain. They can mean nothing more nor less than that the land conveyed shall go to, and belong to, the grantee so long as such land shall be used by the grantee for public school purposes. Deeds with like provisions have many times been construed by

the courts, and uniformly the courts have held that the estate created is not an estate upon condition, but an estate in fee which determines when the grantee ceases to use the land for the designated purpose, and, in the absence from the deed of words creating a limitation over to a third person, reverts to the grantor. *Fall Creek School Township* v. *Shuman* (1913), 55 Ind. App. 232, 103 N. E. 677; *Hanna* v. *Washington School Township* (1920), 73 Ind. App. 382, 127 N. E. 583; *Green* v. *Gresham* (1899), 21 Tex. Civ. App. 601, 53 S. W. 382; *Ashley* v. *Warner* (1858), 11 Gray (Mass.) 43; 10 R. C. L. 665. See, also, *Carter* v. *School Township, etc.* (1919), 70 Ind. App. 604, 123 N. E. 645. The land having been conveyed to be used by the grantee for a public school, with reversion upon the grantee ceasing to use the land for such purpose, the permanent school building erected on the land became a part of the realty, and could not be removed by the grantee. 11 R. C. L. 1084, 1085; *Mosca Town Co.* v. *Wellington* (1907), 39 Colo. 326, 89 Pac. 783, 121 Am. St. 175; *County Board of Education* v. *Littrell* (1917), 173 Ky. 78, 190 S. W. 465. See, also, *Indianapolis, etc., R. Co.* v. *First National Bank, etc.* (1893), 134 Ind. 127, 33 N. E. 679.

The court did not err in its conclusions of law.

Affirmed