LINDSAY ET AL. *v.* WIGAL ET AL.

[No. 868A135. Filed September 25, 1969. No petitions for rehearing or transfer filed.]

*Basil H. Lorch, Jr., Lorch & Lorch,* New Albany, for appellants.

*Samuel J. Kagan, Joseph B. Barker,* of Martinsville, for appellees.

HOFFMAN, Judge.—This appeal arose from a judgment for plaintiffs-appellees on their complaint to quiet title to certain real estate located in Morgan County, Indiana.

The pertinent facts are as follows:

On September 2, 1861, William Wigal and Anna Wigal, his wife, executed the following handwritten warranty deed:

"William Wigal To Trustees of Eminence Chapel Nov. 12, 1961[.] William Wigal and Anna Wigal of Morgan County and State of Indiana Warrant and convey to the Trustees of Eminence Chapel at Eminence[,] Morgan County[,] and State aforesaid[,] the following Real Estate

in Morgan County and State of Indiana to wit: Lots one and two in Block No. Three in the Town of Eminence, Ind.

"The same being a Deed of gift and to be valid and good as long as said premises is or may be occupied for said purposes."

The lots so conveyed in 1861 were used by Eminence Chapel, Methodist Church for church purposes continuously from the time of conveyance until 1948. No religious activities were conducted at the church from 1949 to 1956, during which time, the evidence disclosed, the building was inhabited by "hoot owls and bats."

According to the testimony of Dr. Charles W. Ballard, President of the Indiana Annual Conference Corporation of the Methodist Church, the Conference had, by resolution, declared the property abandoned in 1949, and again in 1966. From 1956 until 1966, a Pentecostal group conducted services in the building.

In 1966 the Indiana Annual Conference Corporation of the Methodist Church entered into a contract with the appellants herein to convey the property here under discussion by warranty deed to the appellants. Appellees filed complaint to quiet title and judgment was entered by the trial court, without the intervention of a jury, in favor of plaintiffs-appellees, all of whom were descendants by law of the original grantors.

The overruling of appellants' motion for a new trial is the sole error assigned. Such motion assigns as error 1) the decision of the court is not sustained by sufficient evidence; and 2) the decision of the court is contrary to law.

Appellants contend that the language in the deed created a fee subject to a condition subsequent. We cannot agree with this contention.

The words, "as long as" are words of art creating a determinable fee with possibility of reverter. While it is a rare instance when we are afforded the opportunity to consider a question of the effect of a future interest, we have at our dis-

posal for direction in such questions a great number of treatises and writings.

We are also fortunate to have several cases in point decided by our Indiana courts to guide us in our determination. Uniformly, the authorities hold that the words, "as long as" create a determinable fee which reverts *ipso facto* on the happening of the stated event. See: *Fall Creek School Tp.* v. *Shuman,* 55 Ind. App. 232, 103 N. E. 677 (1913) ; *Malone, Trustee* v. *Kitchen,* 79 Ind. App. 119, 137 N. E. 562 (1922) ; *Kessler* v. *City of Indianapolis,* 199 Ind. 420, 157 N. E. 547, 53 A.L.R. 1 (1927).

In their text, *Cases and Text on Property* (1964), at page 274, Professors Casner and Leach noted the following:

> "If A conveys 'to the B Church, its successors and assigns, *so long as* the premises shall be used for church purposes' the B Church has a fee simple determinable (or determinable fee). . . . If the Church ceases to use the premises for church purposes, the property reverts to A. A's interest during the continuation of the determinable fee is called a possibility of reverter." (Emphasis supplied.)

In *Fall Creek School Tp.* v. *Shuman, supra,* at page 237 of 55 Ind. App., 103 N. E. at page 678, Judge Shea, speaking for this court, stated:

> "[T]he language in this deed—'so long as the same is used for school purposes', divests the title *ipso facto* upon the happening of that event. . . ."

The language in the deed, "as long as," being words of art, with no contrary intentions evident in the deed, provided sufficient evidence for a ruling on the question of law. Further, there is ample evidence in the record before us that the Methodist Church had abandoned the property. The abandonment satisfied the implied event noted in the deed, that the property was no longer being used for church purposes. Therefore, at the time the Methodist Church abandoned the property, the title reverted automatically to the heirs of the grantors. *Fall Creek School Tp.* v. *Shuman, supra.*

The trial court ruled correctly and there is no error in its decision and we must, therefore, affirm the judgment of the trial court.

Judgment affirmed. Costs taxed against appellants.

Pfaff, C.J., Sharp and White, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 755.