JOHN T. ASHLEY vs. LEVI B. WARNER & another.

An oral agreement to let a house " so long as the tenant keeps a good school " creates a tenancy at will with a conditional limitation, not requiring entry or notice to termina.e it; and evidence that the tenant was deficient as a teacher in literary and scientific requirements is competent evidence of the happening of the contingency.

When two tenants in common let the estate to a tenant at will, but one of them upon a conditional limitation, the latter may expel the tenant when the limitation takes effect.

A tenant at will, evicted by his landlord without notice, may recover damages until the time when the tenancy at will might have been terminated by the landlord, even in an action brought before the expiration of that time; but for no longer.

ACTION OF TORT, commenced on the 9th of June 1856, against Levi B. Warner and Chester Goodale for expelling the plaintiff from the academy building in Egremont.

At the trial in the court of common pleas before *Mellen*, C. J., there was evidence of these facts: The defendants were tenants in common of that building and the land on which it stood; Warner owning four fifths and Goodale one fifth. In March 1855 Warner engaged the plaintiff to open and teach a school, offering him the free use of the building. Goodale had knowledge of this agreement, never objected to it, and sent children to the school; yet, when the plaintiff applied to him for a lease, declined to give him one, but told the plaintiff that so long as he kept a good school he might have his share of the building. The plaintiff kept a school in the building until the 1st of May 1856. A new term of the school began on the 14th of April. Both the defendants had previously expressed to the plaintiff their dissatisfaction with the school, and notified him to leave on the 14th of May. On that day Goodale demanded the key, which the plaintiff refused to give up. Within a week Warner made a demand, which was likewise refused. On the 26th of May the defendants took possession of the building and expelled the plaintiff.

The defendants requested the court to rule that no cause of action was proved against Goodale. But the judge declined.

The defendants offered to show that the plaintiff was deficient

as a teacher in literary and scientific acquirements. But the judge excluded the evidence.

On the question of damages, the defendants requested the judge to instruct the jury that "they should only estimate such damages as accrued to the plaintiff by loss of employment or otherwise, before the date of the writ, as the immediate results of the defendants' acts." But the judge declined.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. E. Field & J. D. Colt*, for the defendants. 1. The plaintiff held the academy building as lessee at will upon the condition or conditional limitation that he should keep a good school and prove himself a competent teacher. *Fifty Associates* v. *Howland*, 11 Met. 99, and 5 Cush. 214. *Creech* v. *Crockett*, 5 Cush. 133. *Hollis* v. *Pool*, 3 Met. 350. The evidence of the plaintiff's incompetency as a teacher should therefore have been admitted to show a termination of the tenancy, at least as against Goodale; and he, being one tenant in common, was entitled to the possession of the whole estate.

2. The damages should have been limited to the date of the writ. Sedgwick on Damages, (2d ed.) 102, 103, 106, 109. 2 Greenl. Ev. § 268 *a*. *Powers* v. *Ware*, 4 Pick. 106. *Pierce* v. *Woodward*, 6 Pick. 206. *Warner* v. *Bacon*, 8 Gray, 397.

*I. Sumner & H. L. Dawes*, for the plaintiff. 1. If the plaintiff had been a tenant at will of Warner only, Goodale would have had no right to expel him. But he was in fact tenant at will of both defendants, and entitled to three months' notice to quit. *Keay* v. *Goodwin*, 16 Mass. 1. *Rising* v. *Stannard*, 17 Mass. 282. *Ellis* v. *Paige*, 1 Pick. 43. Rev. Sts. *c.* 60, § 26; *c.* 104, § 1. The lease contained no condition or stipulation as to the plaintiff's qualifications; and the evidence on that point was therefore rightly excluded. *Gleason* v. *Gleason*, 8 Cush. 32.

2. The plaintiff was entitled to recover all the damages which he had sustained by the injury alleged. Sedgwick on Damages, 545. The plaintiff's request was therefore rightly refused; and it is to be presumed that proper instructions were given. *Commonwealth* v. *Kneeland*, 20 Pick. 206.

THOMAS, J.  Upon the facts stated in the bill of exceptions the plaintiff was the tenant at will of the four fifths of the premises belonging to Warner.

Of the one fifth owned by Goodale, the other defendant, he was also, upon the facts stated, a tenant at will.  Goodale declined to give the plaintiff a lease, but told him "that so long as he kept a good school, he might have his share of the building."  This agreement of Goodale gave the plaintiff a tenancy at will, but a tenancy with a conditional limitation.  It was not on the condition of keeping a good school, but so long as he kept a good school.  The distinction is nice and technical, but yet quite familiar law.  If the tenancy were upon a condition and there were a breach, the estate would not determine but upon the entry of the lessor for such breach.  Being a conditional limitation, the estate determines upon the happening of the contin·gency, to wit, the ceasing or failure to keep a good school by the plaintiff.  If there was such failure, the lessor may enter and expel the lessee.  No notice is necessary, because the estate is determined by its own limitation.  But the owner must enter at his peril.  He must justify himself by showing the limitation has taken effect.  That question was open to him upon the facts stated in the bill of exceptions.  For this purpose it was competent to show that the plaintiff as a teacher was deficient in literary and scientific acquirements and so incapable of keeping a good school.

This evidence was also competent on the question of damages.  And this not only as to Goodale, but as to Warner.

If Goodale satisfied the jury that the limitation had taken effect, that the plaintiff did not keep a good school, he would not be liable for the acts stated in the report, though the plaintiff might still be a tenant at will of the four fifths.  The plaintiff could not maintain the action against the cotenant for excluding him from the premises.

As to damages, the court rightly ruled that they were not limited to the date of the writ.  The plaintiff, if the defence fails, was entitled to such damages as were the direct result of the expulsion from the academy, and the loss of the lease  As

however he was but tenant at will, and his tenancy might be determined by three months' notice, his damages from the loss of the premises were limited to that time. If the tenancy of the one fifth owned by Goodale was determined, the loss would be of a tenancy in common of the premises as the tenant at will of Warner with Goodale, each having a right to the occupation of the premises *per my et per tout.*     *Exceptions sustained.*