WILLIAM W. COTTMAN, III v. STATE OF
MARYLAND, DEPARTMENT OF NATURAL
RESOURCES ET AL.

[No. 922, September Term, 1981.]

*Decided April 8, 1982.*

The cause was argued before GILBERT, C. J., and MORTON
and MASON, JJ.

Submitted on brief by *Elise Davis* for appellant.

Argued by *Michael J. Scibinico, II, Assistant Attorney
General,* with whom were *Stephen H. Sachs, Attorney General,* and *Thomas A. Deming, Assistant Attorney General,*
on the brief, for appellees.

MORTON, J., delivered the opinion of the Court.

The State of Maryland, through its Department of Natural
Resources (Department), leased some 190 acres of land in
Montgomery County, Maryland, to the appellant, William
W. Cottman, III, for the purpose of permitting him to farm

the acreage. The term of the lease was for the period November 1, 1976, to October 31, 1977, and contained the following provision:

"This lease will continue in effect from month to month after the expiration of the above term. This lease may be terminated upon thirty (30) days written notice by either party."

Without serving any formal written termination notice on the appellant, the Department thereafter invited the submission of bids from members of the public to determine who would lease the 190 acres upon the expiration of appellant's lease. Appellant submitted a bid, but a lease was awarded to another bidder effective July 1, 1978.

Appellant then brought suit against the Department in the Circuit Court for Anne Arundel County alleging breach of the lease. The Department's demurrer to appellant's bill of complaint was sustained. Appellant appealed to this Court and we reversed the action of the circuit court in sustaining the Department's demurrer. *See Cottman v. Dep't of Nat. Resources,* 44 Md. App. 224 (1979). Thereafter, formal written notice of termination was sent by the Department to appellant on December 28, 1979.

The case came on for trial on the merits in June, 1980. The trial judge found that the Department had breached its lease to appellant by entering into the lease with a third party without having first given appellant written notice of termination. The trial judge then went on to say:

"However, since at the time the Department breached the lease it was for a month-to-month tenancy terminable on 30 days notice, the Court holds that the damages properly allowed for such a breach are limited to those damages which could reasonably be expected during the 30 day notice period. Since the Court finds as a matter of fact that the Complainant had no crops planted at the time of the breach, and would not have planted crops until several months thereafter, the Court holds

that the Complainant suffered no damages from the breach of the lease."

In this appeal appellant presents the single issue: "Was the trial court correct in limiting damages to the thirty (30) day notice period required by the lease vice the two year period between the unlawful ejectment and when the required written notice was given in late December, 1979?"

In support of his contention that the trial judge erred in limiting damages to the thirty day notice period, appellant refers us to the following language in *Impala Platinum v. Impala Sales,* 283 Md. 296, 330 (1978):

"In this State three rules are followed which limit the recovery of unrealized profits: (1) a plaintiff must show that a breach by the defendant was the cause of the loss; (2) damages may not be awarded unless, when the contract was executed, the defendant could have reasonably foreseen that the loss of profits would be a probable result of a breach; and (3) lost profits may not be recovered unless they can be proved with 'reasonable certainty,' . . . ."

Appellant argues that "at the time the contract was executed, Appellee DNR could have reasonably foreseen that if it unlawfully ejected Appellant from the property, that Appellant would suffer a financial loss, or as this rule is stated in the alternative, the losses arose naturally from the breach of the contract itself . . . ."

On the other hand, the Department asserts that "there is no Maryland case which directly applies the *Impala* standard to a month-to-month tenancy as is involved in the instant case." It argues, however, that "the trial court's decision is a direct corollary of the second prong of the *Impala* test . . ." and refers us to several cases from other jurisdictions which directly address the issue.

In *Colt Lanes of Dover, Inc. v. Brunswick Corporation,* 281 A.2d 596 (Del. Supr. 1971), it was said, at 599:

"If a tenant at will is wrongfully evicted without

notice, he may recover damages for a period extending to the time when the tenancy might have been terminated by the landlord, but for no longer. 52 C.J.S. Landlord and Tenant § 461 (4) a, p. 341.

In *Ashley v. Warner,* 11 Gray 43, 77 Mass. 43 (1858), the Supreme Court of Massachusetts found, if a tenant at will, entitled to three months notice under the governing law, was wrongfully evicted, '[a]s * * * his tenancy might be determined by three months notice, his damages for the loss of the premises were limited to that time.'

██ This is essentially the situation here where the unwritten demise without express term put the defendant in possession on a month-to-month basis, a tenancy from month-to-month being 'in the nature of a tenancy at will.' 51C C.J.S. Landlord and Tenant § 145, p. 437. The defendant can at a maximum be entitled to damages from the time of its eviction, if such it was, to the end of the next term of one month. *See Ludwigsen v. Larsen,* 227 Mich. 528, 198 N.W. 900 (1924)."

Again, in *Osborn v. Commanche Cattle Industries, Inc.,* 545 P.2d 827 (Okl. App. 1975), the Court said, at 831:

"The courts of other jurisdictions are virtually unanimous in holding that breach of a contract terminable at any time upon notice entitles the aggrieved party to recover only those net profits which he could have earned during the notice period; he may not recover profits for the entire term of the contract."

We think these cases reflect a sound approach to the law of damages applicable to the case at bar. We see no statement in *Impala Platinum* which would require us to hold otherwise.

Here we are confronted with a lease that could have been terminated by either party upon thirty days written notice. The notice could have been given during the one year term

of the lease or after it subsequently had become a month-to-month lease. All the appellant could expect under the terms of his lease was a thirty days written notice by the Department of its intention to terminate the lease. Certainly, appellant cannot expect to receive in profits, by way of damages, any more than he would have gained had the terms of the contract been fulfilled.

"It is well settled that every injury to the rights of another imports damage, and if no other damage is established, the party injured is at least entitled to a verdict for nominal damages." *Baltimore v. Appold,* 42 Md. 442, 457 (1875). *See also M & R Builders v. Michael,* 215 Md. 340, 345 (1958); *Gilbert Const. Co.. v. Gross,* 212 Md. 402, 412 (1957); *Mason v. Wrightson,* 205 Md. 481, 489 (1954). While we agree with the trial judge there was no evidence that the appellant suffered any damages from the breach of the lease, we reverse the judgment and enter a judgment for appellant and award damages in the amount of one cent.

> *Judgment reversed and judgment entered for appellant and damages awarded in the amount of one cent; costs in this court and in the trial court to be paid by the State of Maryland.*