UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PLANMATICS, INCORPORATED,
         *Plaintiff-Appellant,*

v.                                                    No. 01-1520

ROBERT SHOWERS,
         *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-97-4065-AW)

Argued: December 3, 2001

Decided: February 28, 2002

Before WILKINS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

**ARGUED:** Keith Ryan Havens, HAVENS & ASSOCIATES, L.L.C., Rockville, Maryland, for Appellant. W. Michel Pierson, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Planmatics, Inc., brought an action against Robert Showers, its former employee, alleging that Showers breached a non-competition agreement and breached the fiduciary duties he owed Planmatics. The district court granted summary judgment in favor of Showers on the breach of fiduciary duty claim. *See Planmatics, Inc. v. Showers*, 137 F. Supp. 2d 616, 629 (D. Md. 2001). As to the breach of contract claim, the district court granted summary judgment in favor of Showers on Planmatics' claim for actual damages. *See id.* at 624. Thereafter, the court declined to exercise jurisdiction over the remaining claim for nominal damages.[1] Planmatics appeals, and we affirm.

I.

Planmatics offers consulting services to various companies, including Ryder Integrated Logistics, Inc. In 1994, Planmatics hired Showers to provide marketing and consulting services to Planmatics' customers. Showers signed a non-competition agreement that prevented him, for a period of two years, from providing marketing or consulting services to certain specified customers, including Ryder. While he worked for Planmatics, Showers primarily performed services for Ryder.

In the fall of 1995, Ryder began questioning some of the expenses that Planmatics included in its invoices to Ryder. After an audit, Ryder concluded that approximately $50,000 of expenses had been improperly billed, and Planmatics agreed to credit that amount against

---

[1]Maryland law, which the district court determined controlled this diversity action, requires the award of at least nominal damages if a contract has been breached. *See, e.g.*, *Stueber v. Arrowhead Farm Estates Ltd. P'ship*, 519 A.2d 816, 818 (Md. Ct. Spec. App. 1987) ("It is well settled that whenever there is a contract and breach of that contract the trial court *must assess some damages*, nominal or substantial as it shall find to be proper on the law and the evidence." (internal quotation marks omitted)).

its outstanding invoices. There is substantial evidence showing that Ryder did not award Planmatics any new business after the audit.

In June 1996, Showers resigned from Planmatics and began his own consulting business. Shortly thereafter, Showers began providing consulting services to Ryder.

II.

As to the breach of contract claim, the district court concluded that, given the evidence showing that Ryder stopped awarding new business to Planmatics after the audit, Planmatics failed to show the existence of a genuine issue of fact as to whether it suffered any actual damages from Showers' breach of the non-competition agreement. The district court therefore granted summary judgment in favor of Showers on Planmatics' claim for actual damages. We find no error.

Because Planmatics would carry the burden of proof at trial, Showers was not required, as Planmatics contends in its brief, to show that summary judgment was proper by presenting evidence that negated Planmatics' breach of contract claim. Instead, Showers was simply required to demonstrate the absence of evidence on any element essential to Planmatics' claim. *See Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393 (4th Cir. 1994). Pointing to affidavits and deposition testimony of several Ryder employees indicating that Ryder gave no new business to Planmatics because of the information learned about Planmatics during the audit,[2] Showers demonstrated the absence of evidence tending to show that Planmatics suffered damages caused by Showers' breach of the non-competition agreement, an element essential under Maryland law to Planmatics's claim for anything other than nominal damages. To avoid summary judgment, it was then incumbent upon Planmatics to come forward with *specific* evidence tending to show that it did in fact suffer damages caused by Showers' breach. In the face of the evidence indicating that Ryder gave no new business to Planmatics after

---

[2]Even if, as Planmatics contends, some of this evidence was inadmissible hearsay that should not have been considered by the district court, there was ample non-hearsay evidence showing that Planmatics received no new business after the audit.

the audit, the various factual inferences that Planmatics' claims should be drawn from the evidence are simply insufficient to defeat summary judgment. *See Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 818 (4th Cir. 1995) (explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of reasonable probability" and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) (explaining that the party opposing summary judgment "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another").

Planmatics also argues that various principles of Maryland law operate to make summary judgment inappropriate in this case. *See, e.g.*, *Charbonnages De France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979) (explaining that the party opposing summary judgment must "be given the benefit of all favorable legal theories invoked by the evidence so considered"). Relying on *National Micrographics Systems, Inc. v. OCE-Indust.*, 465 A.2d 862 (Md. 1983), Planmatics first contends that it is entitled to an inference that it would have received the Ryder business performed by Showers after he left Planmatics. We do not read *National Micrographics* to support Planmatics' argument.

In *National Micrographics*, OCE-Industries, an equipment manufacturer, named National Micrographics Systems (NMS) as the exclusive distributor of its equipment in the Washington-Baltimore area. Although OCE sometimes sold its products directly, it agreed that it would not compete with NMS and would not sell its products directly in NMS's territory. OCE violated this agreement and sold its products to customers within NMS's territory. *See id.* at 865. On appeal, the court rejected the argument that NMS was entitled to damages only for the sales that OCE made to customers with whom NMS had a prior relationship, and concluded that NMS was entitled to damages based on *all* sales made by OCE within NMS's territory, whether or not NMS had previously done business with the customer. The court stated that OCE was "estopped by its wrongful conduct to deny that NMS would have made the sales." *Id.* at 870. The opinion makes

clear, however, that the estoppel conclusion was compelled by OCE's contractual obligation to refer customers to NMS. *See id.* at 869-70 ("A jury could find that, *had OCE complied with the contracts by referring customers*, NMS would have made the sales, thus reaping the benefit of its bargain. Because OCE sold directly to customers *it should have referred*, it is estopped by its wrongful conduct to deny that NMS would have made the sales." (emphasis added)). Thus, *National Micrographics* offers no help to Planmatics.

Equally misplaced is Planmatics' reliance on cases, such as *David Sloane, Inc. v. Stanley G. House & Assocs., Inc.*, 532 A.2d 694 (Md. 1987), that discuss permissible methods of proving the amount of lost future profits. *See id.* at 696 ("One of the recognized methods of proving prospective profits is to use profits made by others, as in the case of the breach of a contract of exclusive agency, evidence of profits made by the infringer are admissible to prove the plaintiff's loss." (internal quotation marks and alterations omitted)). For questions about the measure of damages to even arise, the *existence* of those damages must first be established. Because Planmatics failed to create a genuine issue of fact as to the existence of actual damages, the measure-of-damages cases are simply inapplicable.

## III.

As to the breach of fiduciary duty claim, the district court granted summary judgment in favor of Showers, concluding that Planmatics failed to come forward with any evidence tending to show a breach of duty. Again, we find no error in the district court's analysis.

Planmatics primarily argues that it was improper for the district court to grant summary judgment based on the absence of evidence showing a breach of duty. According to Planmatics, Showers never sought summary judgment on the grounds that there was no evidence of a breach but instead conceded that he breached his fiduciary duty. We disagree. In his motion for summary judgment, Showers did devote more attention to his claim that Planmatics could not show any damages flowing from any breach of fiduciary duty. However, Showers did not concede that he breached his duty, and we believe that his motion, fairly read, sought summary judgment on the grounds that Planmatics could not establish the existence of a breach.

On the merits of the fiduciary duty claim, we agree with the district court that Planmatics failed to present any evidence tending to show any breach of duty by Showers. There is no evidence that Showers breached his duty of loyalty by negotiating for employment with Ryder prior to his resignation from Planmatics. Nor is there evidence establishing other instances of misconduct that could be considered a breach of Showers' fiduciary duties under Maryland law. Planmatics' vague and unsubstantiated responses to interrogatories are simply insufficient to create a genuine issue of material fact. *See, e.g.*, *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998) (affirming grant of summary judgment because the plaintiff's "conclusory statements, without specific evidentiary support" were insufficient to create a genuine issue of fact").

## IV.

Accordingly, for the foregoing reasons, the decision of the district court is hereby affirmed.[3]

*AFFIRMED*

---

[3]Planmatics does not challenge the district court's decision not to exercise jurisdiction over the remaining claim for nominal damages, except to argue that should this court reverse any aspect of the district court's decision on the merits of Planmatics' claims, then we should likewise reverse the court's dismissal of the nominal damages claim. Because we have affirmed the summary judgment order, we need not consider whether the nominal damages claim was properly dismissed.