**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1627

PFB, LLC,

Plaintiff - Appellant,

v.

NEAL TRABICH; RONALD CORUZZI; GOLF PARTNERS, LLC,

Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:07-cv-00961-WDQ)

Submitted:  December 1, 2008          Decided:  December 29, 2008

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Steven B. Gould, BROWN & GOULD, LLP, Bethesda, Maryland, for Appellant. Neal Trabich, Appellee Pro Se.  Richard L. Costella, John Robert Fischel, MILES & STOCKBRIDGE, PC, Baltimore, Maryland, for Appellees Ronald Coruzzi and Golf Partners, LLC.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

PFB, LLC ("PFB") appeals from the district court's order granting summary judgment in favor of Neal Trabich, Ronald Coruzzi, and Golf Partners, LLC (collectively, "Defendants"). The district court held that Defendants' allegedly fraudulent representations did not constitute a warranty under Maryland law, that PFB's lost income projections on its claims for fraud and breach of contract were speculative, and that PFB failed to prove it had incurred any recoverable out-of-pocket expenses. We have thoroughly reviewed the record and find the district court did not err in concluding that PFB could not recover benefit-of-the-bargain or lost profit damages on its fraud and breach of contract claims, as PFB failed to establish such damages with reasonable certainty. Furthermore, we find the district court did not err in holding that PFB failed to provide sufficient evidence to permit recovery of out-of-pocket expenses. Accordingly, we affirm these rulings for the reasons stated by the district court. See PFB, LLC v. Trabich, No. 1:07-cv-00961-WDQ (D. Md. Apr. 24, 2008). However, for the reasons stated below, we vacate the district court's dismissal of PFB's breach of contract claim and remand for further proceedings.

The district court dismissed PFB's fraud and breach of contract claims on the ground that PFB failed to prove it

2

suffered any actual damages. However, while other jurisdictions require proof of actual damages to sustain a breach of contract action, Maryland courts have held that "[i]t is well settled that every injury to the rights of another imports damage, and if no other damage is established, the party injured is at least entitled to a verdict for nominal damages." Cottman v. Maryland, Dep't of Natural Res., 443 A.2d 638, 640 (Md. Ct. Spec. App. 1982) (internal quotation marks and citations omitted); see also Planmatics, Inc. v. Showers, 2002 WL 312516, at *1 (4th Cir. Feb. 28, 2002) (No. 01-1520) (unpublished) (citing Stueber v. Arrowhead Farm Estates Ltd. P'ship, 519 A.2d 816, 818 (Md. Ct. Spec. App. 1987)). Accordingly, even though PFB failed to provide evidence sufficient to support its claims for lost profits or out-of-pocket expenses, its cause of action for breach of contract cannot fail as a matter of law because PFB is entitled to, at the very least, nominal damages, if the fact-finder determines there was a breach. See Planmatics, Inc. v. Showers, 137 F. Supp. 2d 616, 624 (D. Md. 2001).

In this case, the district court made no finding as to whether Defendants committed fraud or breached the operating agreement, as PFB's action was dismissed due to its failure to provide sufficient and reliable evidence of actual damages. Therefore, we remand this matter to the district court to determine whether Defendants were in breach of their contractual

3

obligations and, as a result, are liable for nominal damages. Furthermore, we leave for the district court on remand to address whether PFB is entitled to attorneys' fees pursuant to the terms of the parties' operating agreement,[1] as well as the issue of whether punitive damages are available and warranted in this case.[2]

Accordingly, we affirm the district court's ruling as to PFB's failure to establish compensatory damages in regard to its claims of fraud and breach of contract, vacate the district court's dismissal of PFB's contract action, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are

_____

[1] Under the terms of the operating agreement, any party who "breaches or threatens to breach this Agreement shall pay the costs, expenses and fees (including, without limitation, attorneys fees) of the other Persons bound by this agreement that are incurred as a result of or in connection with, such breach or threatened breach."

[2] See Shell Oil Co. v. Parker, 291 A.2d 64, 71 (Md. 1972) (to award punitive damages, "there must first be an award of at least nominal compensatory damages"); Miller Building Supply, Inc. v. Rosen, 485 A.2d 1023, 1027-28 (Md. Ct. Spec. App. 1985) (while not available for "mere breach of contract," punitive damages may be awarded "when the tort of fraud and a contract action are merged into a single lawsuit").

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED